**James Randall GRESSETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–82–00493–CR.

Court of Appeals of Texas, Dallas.

July 14, 1983.

John Tatum, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, Tom Streeter, Asst. Dist. Atty., for appellee.

Before AKIN, SPARLING and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a conviction for involuntary manslaughter resulting in a sentence of confinement in the Texas Department of Corrections for 11 years. In this published opinion, we shall address appellant's ground of error relating to the introduction of evidence concerning appellant's refusal to submit to a blood-alcohol test. Because we overrule this ground and

eleven other grounds which will be treated in a separate nonpublished opinion, we affirm the conviction.

The record shows that appellant was driving a vehicle owned by the victim who was sitting in the front passenger seat. While driving at a high rate of speed, appellant collided with two pick-up trucks. Based on his experience and training, Officer Stephen Hazard testified that in his opinion appellant was intoxicated at the time. Officer Hazard requested that appellant take a blood-alcohol test but appellant refused. Appellant was not arrested at that time nor was he placed in custody at the hospital.

Appellant contends that the trial court erred in permitting the prosecution to introduce testimony of a police officer that appellant refused to submit to a blood-alcohol test or breathalyzer. Relying on *Dudley v. State*, 548 S.W.2d 706 (Tex.Cr.App.1977), and *Casselberry v. State*, 631 S.W.2d 542 (Tex.App.—El Paso 1982, pet. ref'd), appellant argues that allowing such evidence violated his Fifth Amendment right against self-incrimination, as applied to the states under the Fourteenth Amendment, and also TEX.CODE CRIM.PROC.ANN. art. 38.22, § 3 (Vernon Supp.1982–1983). We disagree.

The court in *Dudley*, 548 S.W.2d at 707, held that:

> [I]f a communication, written, oral, or *otherwise*, involves an accused's consciousness of the facts and the operations of his mind in expressing it, such is testimonial and communicative in nature. A defendant's silence or negative reply to a demand or request by an officer made upon him while under the necessary compulsion attendant with custodial arrest, which demand or question reasonably calls for an immediate reply by the defendant, is clearly a tacit or overt expression and communication of the defendant's thoughts ....

*See Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In this case those thoughts would be that the defendant in fact considered himself to be intoxicated and that he desired to avoid the risk of a positive score on the test. In noting that TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon Supp.1982–1983) had been consistently construed as prohibiting evidence of oral statements or other communicative acts which are incriminating in nature, the court stated that in this respect the statute's function was substantially the same as the Fifth Amendment right against self-incrimination. *Dudley*, 548 S.W.2d at 708. Thus, introducing evidence of the defendant's refusal to submit to a breathalyzer test was held to be violative of article 38.22 and the Fifth and Fourteenth Amendments to the United States Constitution. *Id.*

Most recently, however, the Supreme Court has specifically ruled that evidence of a defendant's refusal to submit to a blood-alcohol test is admissible at trial. *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). The court noted that it had already held that a blood test was "physical or real" evidence and was, therefore, unprotected, because the Fifth Amendment only prohibited a state from compelling "communications" or "testimony". See *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The court further noted the view stated in *Dudley*, 548 S.W.2d at 708, that the constitution "simply forbids any compulsory revealing or communication of an accused person's thoughts or mental processes ..." but distinguished *Dudley* by holding that no compulsion exists in this situation.

The reasoning of the court in *Neville* is that an act of refusal after a lawful request by a police officer is not coerced and is, thus, unprotected by the Fifth Amendment. The "... coercion requirement comes directly from the constitutional language directing that no person 'shall be *compelled* in any criminal case to be a witness against himself.'" *Neville*, 459 U.S. at 562, 103 S.Ct. at 922. When a defendant has been given a choice of submitting to or refusing the test, the State does not directly compel a refusal.

**750**

As previously noted, article 38.22 is substantially the same in scope as the Fifth Amendment right against self-incrimination. Furthermore, the provision of the Texas Constitution that is similar to the Fifth Amendment has been held to be no broader in scope than the federal right. *See Olson v. State,* 484 S.W.2d 756, 762 (Tex.Cr.App.1969) (on motion for rehearing) (noting further that great weight is to be given the decisions of the United States Supreme Court concerning self-incrimination); TEX. CONST. art. I, § 10. For these reasons, we approve of the rationale of the United States Supreme Court in *Neville* and hold that evidence of a defendant's refusal to submit to a blood-alcohol test after a lawful request by a police officer is admissible at trial when intoxication is an issue. Appellant's ground of error is overruled.

Affirmed.