Ronnie Lavarra FOSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0029–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 17, 1986.

Neil C. McCabe, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Maria Brannon, Harris County Asst. Dist. Attys., Houston, for appellee.

Before HOYT, DUGGAN and LEVY, JJ.

OPINION

HOYT, Justice.

This is an appeal from convictions on three counts of robbery, each conviction enhanced by two prior felony convictions. The appellant waived trial by jury and entered a plea of not guilty. The court found him guilty on each count, and the appellant entered a plea of "not true" to the enhancement allegations. The trial court found the enhancement allegations to be true, and assessed punishment at 50 years confinement as to each count, with the sentences to run concurrently. We affirm.

 In his first ground of error, the appellant contends that the trial court erred in overruling his motion to suppress a pre-trial lineup identification because the lineup was conducted in violation of his right to counsel under the U.S. Const. Amend. VI and Tex. Const. art. 1, sec. 10.

The record reflects that on July 15, 1985, at approximately 10:30 a.m., Officer I.O. Franks, of the Houston Police Department, conducted a lineup at the Harris County Jail as a result of an investigation of several bank robberies. The appellant, who was serving a jail sentence for driving while intoxicated and possession of marijuana, participated in the lineup.

Franks testified that on the day of the lineup, the appellant had not been charged in any of the robberies and was told that he could call an attorney. The appellant did not contact an attorney and declined to sign a waiver of his right to counsel. Franks further testified that the appellant was identified during the lineup by four complainants.

Officer William Henry Lawrence of the Houston Police Department testified that he assisted at the lineup and that he did not remember the appellant requesting an attorney. However, the appellant testified that he told the officers that he wanted an attorney present at the lineup, and admitted that the lineup occurred while he was serving a jail sentence on an unrelated matter.

Cynthia Hardin identified the appellant as the person who robbed the United Savings and Loan at Kingsridge on April 10, 1985. David Divin and Charles Macaione identified the appellant as the person who had robbed the San Jacinto Savings and Loan on May 23, 1985, and Laverne Garrett identified the appellant as the person who robbed the United Savings and Loan at South Gessner on July 1, 1985. Each witness also testified at trial that he/she had identified the appellant at the lineup on July 15, 1985.

We conclude that no error is presented because at the time of the lineup, no formal adversarial judicial proceedings had commenced against the appellant in the rob-

bery case.[1] *Forte v. State,* 707 S.W.2d 89 (Tex.Crim.App.1986);[2] *Walker v. State,* 588 S.W.2d 920, 925 (Tex.Crim.App.1980); *See Latson v. State,* 713 S.W.2d 137 (Tex. App.—Houston [1st Dist.] 1986). The fact that the appellant was incarcerated on an unrelated matter at the time of the lineup was not relevant to a determination of his sixth amendment right to counsel for the robbery, the offense for which he was identified at the lineup. *See Turner v. State,* 614 S.W.2d 144, 147 (Tex.Crim.App.1981); *White v. State,* 681 S.W.2d 731, 733 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). We therefore hold that the appellant's sixth amendment right to counsel was not violated.

■ The question of whether the right to counsel under our state constitution attaches before "adversarial judicial proceedings" commences was expressly left open by the Court of Criminal Appeals in deciding *Forte.*

Article 1, Section 10 of the Texas Constitution and its statutory progeny (Tex.Code Crim.P.Ann. arts. 1.05, 15.17 (Vernon Supp. 1985) ), provide only that the defendant has a right to counsel, and does not specifically delineate when this right attaches. "Case law interpreting these provisions holds that Texas law reflects federal law: that the right attaches upon the commencement of adversarial judicial proceedings." *Growe v. State,* 675 S.W.2d 564, 567 (Tex.App.— Houston [14th Dist.] 1984, no pet.).

We are unable to find any basis upon which to interpret our state constitution's right-to-counsel provision as giving a criminal defendant any greater protection than is given by the United States Constitution. *See Floyd v. State,* 710 S.W.2d 807 (Tex. App.—Fort Worth, 1986); *Yates v. State,* 679 S.W.2d 534, 536 (Tex.App.—Tyler, 1984, pet. ref'd).

1. For sixth amendment purposes, adversary judicial proceedings can be initiated "by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972).

2. In *Forte,* the court also noted that the "critical" stage analysis of *U.S. v. Wade,* 388 U.S. 218, 226, 87 S.Ct. 1926, 1931, L.Ed.2d 1149 (1967), controls at the time when the sixth amendment right to counsel attaches.

Accordingly, we hold that the appellant's right to counsel based upon the Texas constitution, was not violated at the time of the lineup because no formal adversarial judicial proceedings had commenced against the appellant in the robbery case.

The appellant's first ground of error is overruled.

■■■ In his second ground of error, the appellant contends that the trial court violated his right to self-representation under U.S. Const. Amend. VI and Tex. Const. art. 1, sec. 10, by threatening to bind and gag him or remove him from the courtroom.

The record reflects that although the appellant was represented by counsel, on two occasions he interrupted the trial proceedings to ask the judge a question and on one occasion he made an objection. The court reminded the appellant that he was represented by counsel and that his counsel would make the objections and speak in his behalf. Nevertheless, the following incident occurred after the state had rested on count one and was calling its next witness.

The Appellant: Excuse me, Your Honor, my lawyer is very infective (sic). I have scars on my hand, cuts and things.

The Court: He has already brought that up.

The Appellant: I have told my lawyer that I wanted a memory expert here.

The Court: A memory expert? Sit down.

The Appellant: Because these crimes—

The Court: Sit down or I am going to have you bound and gagged in this courtroom. Do you understand? You are not running this show. Your lawyer is doing you a good job if you will let him.

The Appellant: I know, but I am an innocent man. I am mistaken for somebody else.

The Court: Sit down or I am binding and gagging you in that chair. Is that clear?

The Court: Come on up.

The Appellant: I want a dismissal on the grounds of infective (sic) counsel. I am not—

The Court: Let's get some shackles and a gag for him. He is insisting.

Have a seat.

Because of identity being in question here, I can't have him bound and gagged while they identify him, so we will—what we will do, instead, is just place him in the holdover and let his lawyer try the lawsuit like it should be tried without his assistance. Particularly until we get the identification in. Then if he is obstreperous, we will simply bind and gag him in the courtroom since there is no jury involved.

We are not convinced that the appellant's repeated interruptions were an attempt to waive his right to counsel and proceed pro se. Instead, the appellant's behavior constituted impermissible disruptive conduct.

Such flagrant disregard of the elementary standards of proper conduct in the courtroom should not and cannot be tolerated. A trial court has the authority to take the necessary steps to maintain a quiet and peaceable trial which may include binding and gagging a defendant during a trial. *Kimithi v. State*, 546 S.W.2d 323, 326 (Tex.Crim.App.1977). Although the trial court did not bind and gag the defendant in this case, a warning by the court to this effect was proper under the circumstances, and the appellant's constitutional right to self-representation was not violated.

The appellant's second ground of error is overruled.

The judgment is affirmed.