**Alex RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0210–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 20, 1986.

Craig W. Uhran, Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., James C. Brough, Kirk Oncken, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

DUGGAN, Justice.

Following a bench trial, appellant was convicted of felony driving while intoxicated, and his punishment was assessed at three years confinement and a fine of $1,500.

After the trial court overruled appellant's pre-trial motion to suppress portions of a videotape of appellant made after his arrest, appellant entered a plea of guilty with the agreement that he could appeal the trial court's order. Tex.Code Crim.P. Ann. art. 44.02 (Vernon 1979). The trial court examined appellant, found him guilty, and assessed punishment in accordance with a plea bargain agreement.

In a single point of error, appellant urges that the trial court erred in overruling his motion to suppress evidence.

After appellant was arrested, he was taken to a videotape room in the police station where a police officer read him the *Miranda* warnings. Appellant indicated that he desired to call his attorney and was directed to a telephone in a corner of the room. Appellant attempted to call his attorney approximately 10 times, but was unable to reach him. Appellant then called a family member in an attempt to retain counsel. At all times, appellant's acts were being videotaped.

Appellant's pretrial motion to suppress sought suppression of

[A]ny and all statements of an incriminatory nature made during video tape after his arrest in this case and specifically any reference to having taken any prescription drugs of any kind for the reason that: Defendant was not accorded the presence of counsel or a meaningful opportunity to have counsel present at said video taping.

Although the wording of appellant's point of error states no federal or state constitutional or statutory basis for his point, his discussion and argument make clear that he complains of the court's failure to suppress the videotape as being a denial of his right to counsel under both the Sixth Amendment to the U.S. Constitution and under the Texas Constitution, art. I, sec. 10. It is equally clear that he complains only of a violation of his right to counsel.

He urges that the post-arrest videotape of him by the police at the police station was a "critical stage" of the proceedings against him, citing *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Thus, he reasons, the videotape camera should have been turned off, and questioning of him should have ceased when he indicated his desire to exercise his right to counsel.

Contrary to appellant's position, the Texas Court of Criminal Appeals has recently interpreted *Wade* and other federal and state authority to hold that the right to counsel under the Sixth Amendment attaches only upon or after the filing of a complaint and information against a DWI arrestee, *Forte v. State*, 707 S.W.2d 89, 91 (Tex.Crim.App.1986), and that a "critical stage" of the proceedings arises only after the initiation of formal adversary proceedings. *McCambridge v. State*, 712 S.W.2d 499, 502 n. 11 (Tex.Crim.App.1986). No complaint was filed against appellant until

after the videotape was made. *See also Mills v. State*, 720 S.W.2d 525 (Tex.Crim. App.1986).

The Texas Constitution's provision as to right to counsel, article I, section 10, has been construed to afford an accused no greater protection than that given by the United States Constitution's corresponding provision. *Floyd v. State*, 710 S.W.2d 807 (Tex.App.—Fort Worth 1986, no pet.); *see also Yates v. State*, 679 S.W.2d 534 (Tex. App.—Tyler 1984, pet. ref'd).

Appellant's point of error is overruled.

The judgment is affirmed.

LEVY, J., files a dissenting opinion.

LEVY, Justice, dissenting.

Because both history and reason suggest that our Texas constitutional right to counsel is not a mere shadow of the comparable Sixth Amendment, and that implicit in the constitutional right to counsel is the assurance that the right, to be effective, will be available *when needed,* I respectfully dissent.

No matter how persuasive or eloquent its analysis of the federal constitution may be, the United States Supreme Court will *not* presume that the Texas Court of Criminal Appeals will modify its interpretation of Texas law whenever the Supreme Court interprets comparable federal law differently. Even when a state court may misconceive federal law, the Supreme Court cannot vacate the state court's judgment merely to give it an unsolicited opportunity to reanalyze its own law. If a state court judgment is predicated upon an adequate state ground, that ground must be presumed *independent* unless the *state* court suggests otherwise. That article I, section 10 of the Texas Constitution[1] is an adequate and independent state ground to establish the right to counsel in state criminal proceedings is beyond dispute.[2]

---

1. "In all criminal prosecutions the accused ... shall have the right of being heard by himself or counsel, or both...." Tex. Const. art. I, sec. 10.

2. "[W]e will not review a judgment of a state court that rests on an adequate and independent state ground. Nor will we review one until the fact that it does not do so appears of record."

The "right to counsel" clause, having been earned by our forefathers only through much blood and agony, should correspondingly be accorded liberal construction in favor of the right it was intended to secure. Such liberal construction is particularly warranted in a prosecution of a defendant who was interrogated after "he indicated his desire to exercise his right to counsel," since the respect normally accorded that right is then buttressed by the presumption of innocence accorded to a defendant in a criminal trial. Quite early in Texas history was it held that our state right to counsel attached *at every stage* of the defendant's case:

> Our Bill of Rights guarantees that, when the accused is placed upon his trial, he shall have the right to be heard by his counsel and himself, either or both. The defense of an accused by counsel is a very valuable right, and one which is guaranteed him by our Constitution and laws, and whenever the relation of client and attorney exists the accused has the guaranteed right of having counsel represent him at any, all, and every stage of his case while before the courts.

*Jackson v. State*, 55 Tex.Crim. 79, 115 S.W. 262 (Tex.Crim.App.1908). To apply the right narrowly or begrudgingly—to treat it as a historical relic, at most merely to be tolerated—is to ignore its development and purpose. Continuation of police interrogation and videotaping of appellant after he requested access to his lawyer was, in effect, a denial to the appellant of effective representation by counsel at the most critical, *if not the only*, stage when legal aid and advice would help him.

As the Supreme Court held only last year,

> [T]he Court has also recognized that the assistance of counsel cannot be limited to participation in a trial; to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself. Recognizing that the right to the assistance of counsel is shaped by the need for the

assistance of counsel, we have found that the right attached at earlier, "critical" stages in the criminal justice process "where the results might well settle the accused's fate and reduce the trial itself to a mere formality" (citations omitted). *Maine v. Moulton*, —— U.S. ——, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). In my view, a realistic and functional, and not merely perfunctory, definition of the "right to counsel" logically requires its application to the "earlier, critical stage" of the criminal justice process when police attention began to focus on the accused for the purpose of initiating criminal charges. At such stage, the need for counsel is frequently decisive, and the logic and function of the constitutional right demand that it should immediately attach.

In his concurring opinion, Judge Clinton wrote in *Forte v. State*, 707 S.W.2d 89, 96 (Tex.Crim.App.1986),

> The opinion of the Court [of Criminal Appeals] does not purport to be the last word on right to counsel and validity of the statute.... Left open for determination ... is the question of right to counsel under our own Constitution and laws of Texas.
>
> ... [T]he right to counsel ... seems to be an open question under Texas law.

With these principles in mind, and because I fear that ingenious casuistry will further dilute or relegate the constitutional right to the assistance of counsel to a secondary position, rather than the preferred status it deserves, I respectfully dissent and would sustain appellant's sole point of error.

*Herb v. Pitcairn*, 324 U.S. 117, 128, 65 S.Ct. 459, 464, 89 L.Ed. 789 (1945).