James Randall GRESSETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 806–83.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 17, 1986.

John G. Tatum, Dallas, for appellant.

Henry Wade, Dist. Atty., and Tom Streeter, Julius E. Whittier and Randall B. Isenberg, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of involuntary manslaughter, found that appellant had been previously convicted of a felony, and assessed punishment at confinement for eleven years. See V.T.C.A. Penal Code, § 12.42(a). The Court of Appeals affirmed appellant's conviction, holding that admission of his refusal to submit to a blood-alcohol test after request by a police officer was proper. *Gressett v. State*, 669 S.W.2d 748 (Tex.App.—Dallas 1983). The Court held that Art. I, § 10 of the Texas Constitution and Art. 38.22, V.A.C.C.P. are "substantially the same in scope as the Fifth Amendment right against self-incrimination," and therefore, that under the rationale stated in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983) evidence of such refusal is admissible under Texas law. We granted appellant's petition for discretionary review to address his contention that Art. 38.22, without regard to the Texas or United States Constitutions, forbids the admission of his refusal to take a blood-alcohol test.

On May 23, 1981, appellant was the driver of a vehicle which collided with two pick-up trucks, causing a passenger in the vehicle which appellant drove to be killed. Officer Stephen Hazard spoke with appellant at the hospital immediately after the collision and determined that appellant was intoxicated. He asked appellant to take a blood-alcohol test but appellant refused. Hazard testified that appellant was not under arrest at the time nor placed in custody at the hospital.

Appellant's contention is controlled by our recent decision, *Bass v. State* (Tex.Cr. App.1986), 723 S.W.2d 687, herein we held that,

Because '[i]n the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of [the Fifth Amendment],' *McCambridge v. State*, 712 S.W.2d 499 (Tex.Cr.App.1986), quoting *South Dakota v. Neville*, 459 U.S. at 564, n. 15, 103 S.Ct. at 923, n. 15, we do not think such inquiry constitutes an 'interrogation' for purposes of Article 38.22, supra. Thus, whatever argument could be made that evidence of a refusal to submit to chemical testing is inadmissible under Article 38.22, on authority of Judge Onion's concurring opinion in *Dudley*, [*v. State*, 548 S.W.2d 706], does not survive the 1977 amendment of the statute.

We hold that the refusal of appellant in the instant cause to submit to the breathalyzer test did not come about as the result of 'custodial interrogation' for purposes of Article 38.22, supra.

Under this holding appellant's contention is overruled. The judgment of the Court of Appeals is affirmed.

TEAGUE, J., for the reasons stated in the dissenting opinion that he filed in *Bass*, supra, respectfully dissents.