**Randall Haige JAMAIL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0727–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1987.

Rehearing Overruled June 4, 1987.

J. Gary Trichter, Houston, for appellant.

John B. Holmes, Jr. Harris County Dist. Atty., William J. Delmore, III, Mark L. Frazier Harris County Asst. Dist. Attys., Houston, for appellee.

## OPINION

Before SAM BASS, DUGGAN and LEVY, JJ.

SAM BASS, Justice.

This is an appeal from a conviction for driving while intoxicated. After the appellant's motion to suppress evidence was overruled, he entered a plea of nolo contendere. Pursuant to a negotiated plea bargain, the court assessed appellant's punishment at 120 days confinement, probated for two years, and a $300 fine. This appeal is focused upon the trial court's denial of appellant's motion to suppress.

Appellant brings nine points of error. Appellant's first three points of error contend that the trial court erred in not suppressing appellant's refusal to submit to a breath-alcohol test as the fruit of an unreasonable seizure. Appellant's first point of error is based on the fourth amendment of the United States Constitution, the second point of error is based on article 1 § 9 of the Texas Constitution, and the third point of error is based on article 1.06 of the Texas Code of Criminal Procedure. (Vernon 1977). Appellant contends that a motion to suppress was properly presented to the trial court urging that the appellant was unreasonably arrested absent proper judicial authorization or any exception to the warrant requirement. Appellant further argues that the State offered no evidence to justify appellant's seizure. Appellant argues that where a defendant properly presents a motion to suppress complaining of an illegal seizure, the burden of proof shifts to the State to establish the legality of the seizure.

■ Appellant ignores his initial burden of proving that he was subjected to a warrantless seizure. In *Russell v. State,* 717 S.W.2d 7, 9–10 (Tex.Crim.App.1986), the court stated:

> When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, this Court has placed the burden of proof initially upon the defendant. *Mattei v. State,* 455 S.W.2d 761, 765–66 (Tex.Cr.App.1970). As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. *Id.,* relying upon

*United States v. Thompson,* 421 F.2d 373, 377 (5th Cir.1970) and *Rogers v. United States,* 330 F.2d 535 (5th Cir. 1964), cert. denied, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186. Cf. *United States v. Bachner,* 706 F.2d 1121, 1125–26 (11 Cir.1983). A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. *Mattei,* supra, at 766, quoting *Rogers v. United States,* 330 F.2d, at 542.

> Once a defendant has established 1) that a search or seizure occurred and 2) that no warrant was obtained, the burden of proof shifts to the State. *Id.*

(Footnotes omitted.)

In this case, appellant failed to meet the initial burden of proof. Appellant did not produce any evidence established that a seizure occurred without a warrant. No witnesses for the appellant or the State testified at the suppression hearing. The only evidence presented at the suppression hearing was the videotape, which was admitted into evidence at the hearing. The circumstances surrounding the alleged seizure do not appear in the record. Because appellant failed to produce evidence that established that a seizure occurred without a warrant, the burden of proof never shifted to the State.

Appellant's first, second, and third points of error are overruled.

■ Appellant's fourth and fifth points of error contend that the trial court erred in not suppressing evidence of appellant's refusal to take a breath-alcohol test because it was the fruit of a violation of his right to assistance of counsel under article 1, § 10 of the Texas Constitution and its statutory analogue, Tex.Code Crim.P.Ann. art. 1.05 (Vernon 1977).

In *Foster v. State,* 713 S.W.2d 789 (Tex. App.—Houston [1st Dist.] 1986, pet. granted), this Court noted that article 1, § 10 of the Texas Constitution and article 1.05 "provide only that the defendant has a right to counsel, and does not specifically delineate when this right attaches." In *Foster,* this Court held that the defendant's

right to counsel based upon the Texas Constitution was not violated at the time of a lineup because no formal adversarial judicial proceedings had commenced against the defendant. We observed that we were "unable to find any basis upon which to interpret our State Constitution's right-to-counsel provision as giving a criminal defendant any greater protection than is given by the United States Constitution." 713 S.W.2d at 790.

In *Ramirez v. State,* 721 S.W.2d 490 (Tex.App.—Houston [1st Dist.] 1986, pet. granted), this Court noted that the Court of Criminal Appeals has held that the right to counsel under the sixth amendment attaches only upon or after the filing of a complaint and information against a DWI arrestee, *Forte v. State,* 707 S.W.2d 89, 91 (Tex.Crim.App.1986), and held that the Texas Constitution's provision for the right to counsel affords an accused no greater protection than that given by the United States Constitution's corresponding provision.

In *McCambridge v. State,* 725 S.W.2d 418 (Tex.App.—Houston [1st Dist.] 1987, pet. filed) (on remand) (*McCambridge III*) this Court again addressed in a DWI case the issue of whether article 1, section 10 of the Texas Constitution affords greater protection than does the sixth amendment. After noting our rulings in *Foster* and *Ramirez,* we chose not to depart from those holdings.

We adhere to our holdings in *Foster, Ramirez,* and *McCambridge.* Appellant's fourth and fifth points of error are overruled.

■ Appellant's sixth point of error contends that the trial court erred in not suppressing appellant's refusal to submit to an intoxilyzer test, as it was the fruit of a violation of the right to assistance of counsel under Tex.Code Crim.P.Ann. art. 15.-17(a) (Vernon Supp.1987).

Article 15.17(a) provides:

In each case enumerated in this Code, the person making the arrest shall without unnecessary delay take the person arrested or have him taken before some magistrate of the county where the accused was arrested. The magistrate shall inform in clear language the person arrested of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, of his right to request the appointment of counsel if he is indigent and cannot afford counsel, and of his right to have an examining trial. He shall also inform the person arrested that he is not required to make a statement and that any statement made by him may be used against him. The magistrate shall allow the person arrested reasonable time and opportunity to consult counsel and shall admit the person arrested to bail if allowed by law.

Article 15.17(a) only requires that an arrestee be taken before a magistrate "without unnecessary delay." The court in *Sanders v. City of Houston,* 543 F.Supp. 694, 705 (S.D.Tex.1982), *aff'd,* 741 F.2d 1379 (5th Cir.1984), held that article 15.17 allows a person who is arrested on probable cause to be held for a brief period in order that the police officers may accomplish necessary administrative tasks incident to arrest. The State asserts, and we agree, that "necessary administrative tasks incident to arrest" would include breath testing in the case of a driving while intoxicated suspect.

■ The express terms of article 15.17 require only that the "magistrate shall allow the person arrested reasonable time and opportunity to consult counsel." Article 15.17 does not grant an arrestee the right to counsel *before* the arrestee is taken before the magistrate nor does article 15.17 grant an accused the right to counsel during a breath test taken prior to the time the accused is taken before a magistrate.

Appellant's sixth point of error is overruled.

■ Appellant's seventh point of error contends that the trial court erred in not suppressing appellant's refusal to submit

to the intoxilyzer test because it was the product of a violation of his right to assistance of counsel under Tex.Code Crim.P. Ann. art. 38.22, sec. 3(a)(2) (Vernon Supp. 1987)

Article 38.22(3)(a)(2) provides:

No oral or sign language statement of an accused made as a result of *custodial interrogation* shall be admissible against the accused in a criminal proceeding unless:

\* \* \* \* \* \*

Prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

(Emphasis added.)

Article 38.22, section 3(a)(2) provides that an accused's statement "made as a result of custodial interrogation" is inadmissible against the accused in a criminal proceeding unless the accused receives the warning in article 38.22, section 2(a), prior to giving his statement. In *McGinty v. State*, 723 S.W.2d 719 (Tex.Crim.App.1986), the court held that a police officer's inquiry of whether the suspect would take a blood-alcohol test was not an interrogation. The defendant's "refusal to submit to the breathalyzer test did not result from a custodial interrogation" for purposes of article 38.22. *Id.* The court in *Bass v. State*, 723 S.W.2d 687 (Tex.Crim.App.1986), also held that the police inquiry of whether the suspect would take a blood alcohol test is not an interrogation for purposes of article 38.-22. *See also Gressett v. State*, 723 S.W.2d 695 (Tex.Crim.App.1986) ("We hold that the refusal of appellant ... to submit to the breathalyzer test did not come about as the result of 'custodial interrogation' for purposes of Article 38.22.")

Because appellant's refusal to submit to the breathalcohol test was not the result of "custodial interrogation," evidence of such a refusal would not be inadmissible under article 38.22.

Appellant's seventh point of error is overruled.

■ Appellant's eighth point of error contends that the trial court erred in not suppressing appellant's refusal to take a breath-alcohol test because the admission of such refusal would violate appellant's right to due course of law under the Texas Constitution and his federal right to due process of law. In *McCambridge III*, this Court rejected similar arguments challenging the failure to suppress the results of a breathalcohol test.

■ Appellant asserts that the trial court's failure to suppress his refusal effectively equated his requests for counsel to a refusal. Appellant argues that such a holding by the trial court violated his due process rights because a request for counsel cannot give rise to an inference of guilt. Appellant further argues that a refusal to submit to chemical testing, premised upon a counsel request, has no probative value.

The fact that appellant premised his refusal upon a counsel request is irrelevant: appellant had no right to counsel at the time of his requests under *McCambridge v. State*, 712 S.W.2d 499 (Tex.Crim.App.1986) (*McCambridge II*), and *McCambridge III*. Moreover, Tex.Rev.Civ.Stat.Ann. art. 6701*l* –5(3)(g) expressly authorizes the introduction of a refusal to provide a breath specimen.

■ Appellant also asserts that, under what the appellant calls the Commingled [sic] Miranda Doctrine or the Confusion Doctrine, appellant was misled or confused by the police officer's Miranda warning, which is not applicable to a breath test request. In *McCambridge II*, the Court of Criminal Appeals noted that its holding did not imply "that a remedy will never be available to a suspect who is confused when faced with *Miranda* warnings and a breath testing decision without the benefit of requested counsel." 712 S.W.2d at 507, n. 18. However, no testimony was presented at the suppression hearing that appellant was confused or misled by the police officers.

Appellant's eighth point of error is overruled.

■ Appellant's ninth point of error contends that the trial court erred in not suppressing appellant's refusal to take a breath test because its admission would violate Tex.Code Crim.P.Ann. art. 38.23 (Vernon 1979), since the test request was not made subject to the mandatory provisions of Tex.Rev.Civ.Stat.Ann. art. 6701*l*-5, section 1 and section 2(b).

Article 6701*l*-5, section 1 provides:

Section 1. Any person who operates a motor vehicle upon the public highways or upon a public beach in this state shall be deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his breath or blood for the purpose of analysis to determine the alcohol concentration or the presence in his body of a controlled substance or drug if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated. Any person so arrested may consent to the giving of any other type of specimen to determine his alcohol concentration, but he shall not be deemed, solely on the basis of his operation of a motor vehicle upon the public highways or upon a public beach in this state, to have given consent to give any type of specimen other than a specimen of his breath or blood. The specimen, or specimens, shall be taken at the request of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways or upon a public beach in this state while intoxicated.

Article 6701*l*-5, section 2(b) provides:

(b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prose-

cuted as a result of the arrest. If the officer determines that the person is a resident without a license or permit to operate a motor vehicle in this state, the officer shall inform the person that the Texas Department of Public Safety shall deny to the person the issuance of a license or permit for a period of 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest. The officer shall inform the person that the person has a right to a hearing on suspension or denial if, not later than the 20th day after the date on which the notice of suspension or denial is received, the department receives a written demand that the hearing be held.

Article 6701*l*-5, section 3(g) provides:

If the person refuses a request by an officer to give a specimen of breath or blood, whether the refusal was express or the result of an intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial.

The transcript of the videotape provided by appellant states that "Officer Self orally informs appellant of the DWI statutory warning on breath test refusal." Appellant, however, has failed to sustain his burden of proof by showing that he did not also receive a written warning. As noted above, appellant did not testify at the hearing on the motion; the videotape by itself is insufficient to prove that appellant did not receive a written warning. As the State notes, the appellant could have been requested to take a breath test after receiving written warnings of the statutory consequences for a failure to comply, immediately after the conclusion of the videotaped portion of the investigation.

Appellant has failed to show non-compliance with the requirements of Article 6701*l*-5.

Appellant's ninth point of error is overruled.

The judgment is affirmed.

LEVY, J., dissents.

## OPINION

LEVY, Justice, dissenting.

I dissent because, as stated more fully in my dissenting opinon in *Ramirez v. State*, 721 S.W.2d 490, 491 (Tex.App.—Houston [1st Dist.] 1986, pet. granted), implicit in the constitutional right to counsel is the assurance that the right, to be effective, will be available *when needed.* If the *right* to the assistance of counsel is shaped by the *need* for such assistance, as I believe it is, then logic requires that the right attach not merely during trial, but rather at the earlier stages in the criminal justice process where critical events might well settle the accused's fate and reduce the trial itself to a mere formality. *See Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). In my view, the earliest critical stage probably occurs when police attention begins to focus on the accused for the purpose of initiating criminal charges against him. Thus, I would sustain appellant's fourth and fifth points of error. See Tex. Const. art. 1, 10; Tex.Code Crim.P.Ann. art. 1.05 (Vernon 1977).

Further, I disagree with the majority's disposition of the sixth through ninth points of error. In these points, the appellant contends that the trial court erred in not suppressing evidence of his refusal to submit to the intoxilyzer test because it was the product of a violation of his right to the assistance of counsel under various federal and state constitutional and statutory provisions.

Several court decisions, perhaps the most explicit of which is *Dudley v. State*, 548 S.W.2d 706 (Tex.Crim.App.1977), prohibiting the State from eliciting testimony concerning an accused's refusal to take a sobriety test, have rested upon Tex.Code Crim.P.Ann. art. 38.22 (Vernon Supp.1987), the "confession statute," as well as the rule of evidence that forbids an accused's silence to be used against him as tending to establish guilt. *See Cardwell v. State*, 156 Tex.Cr.R. 457, 243 S.W.2d 702 (1951) (op. on reh'g).

When a police officer is permitted to testify that an accused has exercised his right of refusal or his right of silence, the accused is thereby discredited before the jury, which is precisely what the self-incrimination statute prohibits. The privilege against self-incrimination is thus belittled and further eroded. Both reason and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), suggest that the constitutional right to remain silent in the face of accusation carries with it the assurance that such silence will not result in any penalty. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In 1983, the U.S. Supreme Court reaffirmed its determination that federal courts could not use such silence for impeachment because of its dubious probative value, and reconfirmed its application to the states because of the "fundamental unfairness of implicitly assuring a suspect that his silence will not be used against him and then using his silence to impeach an explanation subsequently offered at trial." *South Dakota v. Neville*, 459 U.S. 553, 564–5, 103 S.Ct. 916, 922–3, 74 L.Ed.2d 748 (1983). The Court, however, distinguished the right of refusal from the right of silence, declaring that the right to refuse the sobriety test was a matter of grace bestowed by South Dakota and that warnings attached to such right contained no "misleading implicit assurances (to the suspect) as to the relative consequences of his choice." *Id.* at 565, 103 S.Ct. at 923.

When a defendant verbally refuses to submit to a chemical test for intoxication, he is testifying against himself and this is clearly "testimonial evidence." I would hold that evidence of refusal or of silence is a by-product of the compulsion to take the test, testimonial in nature, and constitutes compulsory self-incrimination in violation of article 38.22. *Cardwell v. State*, 156 Tex.Crim. at 457, 243 S.W.2d at 704.

For these reasons, I would also sustain appellant's sixth through ninth points of error, reverse the judgment of conviction, and remand the cause for a new trial.