**Ex parte Randall Haige
JAMAIL, Appellant.**

**No. 01–94–01214–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 27, 1995.

Rehearing Overruled Aug. 24, 1995.

W. Troy McKinney, J. Gary Trichter, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, John Brewer, Houston, for appellee.

Before HUTSON–DUNN, HEDGES and MIRABAL, JJ.

## OPINION

HEDGES, Justice.

Randall Haige Jamail appeals from the trial court's denial of habeas corpus relief. We affirm.

### The Facts

In 1986, appellant was charged by information with the misdemeanor offense of driving while intoxicated. He moved to suppress his refusal to take a breath test, and the judge denied his motion. He then pled nolo contendere with the judge's consent to appeal the denial of the motion to suppress. Based on a negotiated plea bargain, the judge assessed punishment at confinement for 120 days, probated for two years, and a $300 fine.

This Court affirmed appellant's conviction, holding that the judge did not err in declining to suppress appellant's refusal to take the breath test. *Jamail v. State*, 731 S.W.2d 708 (Tex.App.—Houston [1st Dist.] 1987) (*Jamail I*). We rejected appellant's argument that, because his refusal to take the test was predicated on a request for counsel, the refusal created an impermissible inference of guilt and therefore should have been suppressed. *Id.* at 712.

Appellant petitioned the Court of Criminal Appeals for discretionary review. The court

granted appellant's petition "to determine whether the court of appeals was correct in its conclusion that the trial court did not err in failing to suppress appellant's refusal to submit to the breath test." *Jamail v. State,* 787 S.W.2d 380, 381 (Tex.Crim.App.1990) (*Jamail II* ). The Court of Criminal Appeals affirmed our decision. *Id.* at 384. The court rejected appellant's contention that "an inference of guilt necessarily accompanies the refusal when it is based upon a suspect's request for counsel." *Id.* at 382. The court also held that "[e]vidence that the appellant based his refusal to submit to the breath test on his request for an attorney does not infer his guilt," but that appellant's request for an attorney "as a technical matter ... was not admissible" because it was irrelevant to the State's case. *Id.* at 383. The admission of the appellant's request for an attorney was harmless error, however. *Id.*

At approximately the same time that the Court of Criminal Appeals decided *Jamail II,* the Dallas Court of Appeals decided *Hardie v. State,* 787 S.W.2d 89 (Tex.App.—Dallas 1990) (*Hardie I* ). In that case, the defendant was convicted by a jury of driving while intoxicated, and appealed on the ground (among others) that "the trial court improperly admitted into evidence the audio portion of a videotape containing his request for counsel...." *Id.* at 90. The Dallas Court agreed, holding that "[b]ecause the invocation of ... assistance of counsel cannot be relied upon as evidence of guilt, the trial court erred in admitting that audio portion of the videotape" in which Hardie had requested counsel. *Id.* at 91. The court reversed Hardie's conviction. *Id.* at 92.

The Court of Criminal Appeals granted review of *Hardie I* "to determine the correctness of [the Dallas Court's] holding in light of [the Court of Criminal Appeals'] recent decision in *Jamail....*" *Hardie v. State,* 807 S.W.2d 319 (Tex.Crim.App.1991) (*Hardie II* ). The court affirmed the Dallas Court's decision, holding that "evidence of an accused invoking his or her right to counsel may indeed be construed adversely to a defendant and may improperly be considered as an inference of guilt." *Id.* at 322.

In *Hardie II,* the court addressed *Jamail II,* holding that "the issue presented in *Jamail* differs from the issue here presented." *Hardie II,* 807 S.W.2d at 321. The court made the same point later in its opinion, writing that "*Jamail* is not contrary to our holding today...." *Hardie II,* 807 S.W.2d at 322 n. 8. The court explained the difference in the two cases this way:

> In *Jamail,* the defendant challenged the admissibility of his refusal to take the breath test, and attempted to use the fact that he had requested counsel as a basis for keeping his refusal out of evidence. In the instant case, appellant challenged the admissibility of his invocation of counsel in and of itself. While the invocation of counsel may have no relevance as regards the State's proffer of a defendant's refusal to take the breath test, a different question is presented when the State has sought to introduce evidence of the request for counsel as evidence of guilt.

*Hardie II,* 807 S.W.2d at 321.

After distinguishing *Jamail II,* the court went on to state:

> As part of its analysis regarding the admissibility of the breath test refusal, however, this Court in *Jamail* did find that one's invocation of the right to counsel does not carry an adverse inference of guilt. In light of this Court's ultimate holding, that evidence of the request for counsel is not admissible, the aforementioned language in *Jamail* is deemed dicta and does not control disposition of the instant case.

*Hardie II,* 807 S.W.2d at 321–22 (citation omitted).

However, the court also concluded that *Jamail II* had been correctly decided. *Hardie II,* 807 S.W.2d at 322. The court noted that "the trial in *Jamail* was not to a jury, but was to the court on a negotiated plea of nolo contendere," and held that "[s]ince it is generally presumed that a trial judge disregarded any inadmissible evidence, the error in admission of such evidence would be harm-

less, as this Court in *Jamail* ultimately found it to be." *Hardie II*, 807 S.W.2d at 322. The court asserted that "*Jamail* was correct in concluding the error was harmless under the facts of that case," but also stated that it now "disapprove[d] of the broad rationale [in *Jamail II* ] which suggests that evidence of a request for counsel would always be harmless." *Hardie II*, 807 S.W.2d at 322.

In *Gipson v. State*, 844 S.W.2d 738 (Tex. Crim.App.1992), the Court of Criminal Appeals dispensed with the presumption it discussed in *Hardie II*. The court held that when inadmissible evidence is admitted in a trial to the judge, courts of appeal, in determining whether to reverse a conviction, may no longer presume that the judge disregarded the inadmissible evidence. *Gipson*, 844 S.W.2d at 741.

### Do *Hardie* and *Gipson* Entitle Appellant to a New Trial?

In points of error one and two, appellant contends that the judge erred in denying habeas relief because appellant is entitled to the "retroactive application" of *Hardie* and *Gipson*. To quote from appellant's brief: "In short, Appellant contends that he is entitled to a new trial because the Court of Criminal Appeals has overruled the premises for its decision in Appellant's case." We disagree.

Retroactivity must be decided on a case-by-case basis. *Geesa v. State*, 820 S.W.2d 154, 165 (Tex.Crim.App.1991). Here, however, we need not reach the issue of retroactivity, because *Hardie* and *Gipson*, even if applied retroactively to appellant, would not entitle him to a new trial.

The issue in *Jamail I* and *II* was whether *the fact that appellant refused to take the breath test* was admissible. *Hardie II*, 807 S.W.2d at 321; *Jamail II*, 787 S.W.2d at 381; *Jamail I*, 731 S.W.2d at 710. The *reason* appellant refused to take the breath test,

that he wanted an attorney's advice first,[1] was not a determinant in either decision. We specifically stated that "[t]he fact that appellant premised his refusal upon a counsel request *is irrelevant...*." *Jamail I*, 731 S.W.2d at 712. Likewise, the Court of Criminal Appeals rejected appellant's argument that "the refusal to take the test, because it was based on his request for counsel, should be treated differently than a refusal based on some other reason." *Jamail II*, 787 S.W.2d at 382. In fact, both this Court and the Court of Criminal Appeals held that appellant did not even have a right to counsel at the time of the breath test. *Jamail II*, 787 S.W.2d at 381, 382; *Jamail I*, 731 S.W.2d at 712.

■ We are left with the fact that appellant's refusal to take the breath test was admissible. *Jamail II*, 787 S.W.2d at 384. *Hardie II* does not undermine this conclusion. We are aware that, in *Hardie II*, the Court of Criminal Appeals retreated from the language in *Jamail II* which stated that one's invocation of the right to counsel does not carry an inference of guilt and that the admission of evidence of a request for counsel would always be harmless. *See Hardie II*, 807 S.W.2d at 321, 322. **But while *Hardie II* makes the request for counsel *itself* inadmissible as evidence of guilt, *id.* at 322, it does not make inadmissible a refusal to take a breath test *based* on a request to consult an attorney first.**

The Court of Criminal Appeals saw a clear distinction between the issues presented in *Jamail II* and *Hardie II*: in *Jamail II*, the challenge was to the admissibility of the refusal to take the breath test, and the request for counsel was merely the *basis* for keeping the refusal out of evidence. *Hardie II*, 807 S.W.2d at 321. In *Hardie II*, however, the challenge was to the admissibility of the request for counsel *itself*. *Id.* at 321. The issues presented in *Hardie II* and *Jamail II* were different, and the rule of the former,

---

**1.** *See Jamail II*, 787 S.W.2d at 381 (stating that appellant's refusal to take the breath test "was based entirely upon his inability to obtain an

attorney's advice prior to taking the breath test").

even if applied retroactively, would not alter the result in the latter.

Because the Court of Criminal Appeals did not state in *Hardie II* that a refusal to take a breath test based on a request to consult an attorney first is inadmissible, the retroactive application of that case would not aid appellant. Similarly, retroactive application of *Gipson* would not benefit appellant. *Gipson* holds that courts of appeal may no longer assume that the judge disregarded inadmissible evidence. 844 S.W.2d at 741. However, the evidence at issue in appellant's case—his refusal to take the breath test, *not* his request to consult an attorney [2]—was *admissible. Jamail II*, 787 S.W.2d at 384. The evidence admitted in *Jamail II* that the Court of Criminal Appeals in *Hardie II* said was *in* admissible, but which it also presumed that the judge in Jamail's case did not consider, was evidence of Jamail's request for counsel, *not* evidence of Jamail's refusal to take a breath test. *Hardie II*, 807 S.W.2d at 322. Applying *Gipson* retroactively to appellant would not disallow the evidence of his refusal to take the breath test. Thus, the rule of *Gipson* would not aid appellant.

Because neither *Hardie* nor *Gipson*, even if applied retroactively, would entitle appellant to a new trial, we need not determine whether the two cases apply retroactively here. Our holding that these cases would not benefit appellant even if they did apply retroactively is itself dispositive of appellant's first two points of error.

We overrule points of error one and two.

## Was Appellant's Plea Knowingly and Voluntarily Entered?

In his third point of error, appellant argues that the judge erred in denying him habeas relief because his plea was not knowingly and voluntarily entered. Appellant contends that his plea was not knowingly and voluntarily entered for the following reason:

[T]he plea agreement expressly provided that the Appellant would be permitted to appeal the denial of the trial court's refusal to suppress his breath test refusal and his requests for counsel. Appellant's trial counsel ... advised the Appellant that "his entry of a guilty plea in this case would not adversely effect [sic] his ability to obtain **meaningful** appellate review" of the trial court's denial of his motion to suppress. [Trial counsel], however, did not apprise the Appellant that an appellate court might conclude, as the Court of Criminal Appeals ultimately did in dicta in *Hardie*, that the trial court's erroneous denial of the Appellant's motion to suppress would be harmless error because the trial judge would be presumed to disregard any inadmissible evidence.

(Emphasis in appellant's brief.)

We note first that the judge did not refuse to suppress appellant's "requests for counsel." Appellant never asked the judge to suppress evidence that appellant had requested an attorney. At the hearing on appellant's motion to suppress, the following dialogue occurred:

**The judge:** Now, are we dealing *only with suppression of the defendant's refusal to blow a breath test* at this point?

**Appellant's trial counsel:** Pursuant to the terms of the plea bargaining agreement, *yes, we are.* We are going up on the issue of suppression of the defendant's breath test.

(Emphasis added.) Nor did the plea agreement allow appellant to appeal any alleged refusal by the judge to suppress appellant's request for counsel. The agreement is silent on the issue of appellant's request for counsel.

In any event, appellant has had "meaningful" appellate review of the judge's denial of his motion to suppress. We disposed of the issue on the merits in *Jamail I*. The Court

---

**2.** As noted above, the issue in *Jamail I* and *II* was whether evidence of appellant's refusal to take the breath test was admissible. *Hardie II*,

807 S.W.2d at 321; *Jamail II*, 787 S.W.2d at 381; *Jamail I*, 731 S.W.2d at 710.

of Criminal Appeals disposed of the issue on the merits in *Jamail II*.[3]

We also note that, under appellant's argument, any appellants in past cases in which an appellate court applied the now-disfavored presumption that the judge disregarded any inadmissible evidence would not have gotten a "meaningful" appellate review. We do not agree with this position. The appellate review that took place before a change in the law is not rendered "meaningless" by the change. Rather, the previous appellate review was "meaningful" *under the old law.* A change in the law does not mean that the convictions in whose review the old law played some part were not reviewed "meaningfully."

Furthermore, in *Hardie II,* the Court of Criminal Appeals did not criticize the admission of appellant's refusal to take the breath test or state that it was harmless error. Rather, as noted above, the court backed away from language in *Jamail II* which stated that the invocation of the right to counsel does not carry an inference of guilt and that the admission of evidence of a request for counsel would always be harmless. *Hardie II,* 807 S.W.2d at 321, 322. It was the admission of evidence of appellant's *request for counsel,* not the admission of evidence of appellant's refusal to take the breath test, that the court called harmless in *Hardie II. Id.* at 321–22.

Appellant also argues that his plea was not knowing and voluntary because his trial counsel did not advise him of the possibility that an appellate court would hold that the judge's denial of his motion to suppress was harmless error. No appellate court has held that the judge's denial of appellant's motion to suppress his refusal of the breath test was error or harmless error. Even if there were such a holding, lack of this advice from his attorney would not render appellant's plea unknowing and involuntary. Trial counsel is not obligated to detail every possible appellate disposition.

We overrule point of error three.

3. We are not implying that a disposition on the merits is necessary for appellate review to be "meaningful." We are stating, however, that

## Conclusion

We affirm the denial of habeas corpus relief.

MIRABAL, Justice, concurring.

I agree with the majority that the denial of habeas corpus relief should be affirmed. However, I cannot agree with the majority's analysis of the issues raised in points of error one and two.

**The** issue in this case from the beginning has been whether the videotape, showing appellant requesting counsel several times and emphatically refusing to submit to a breath test without first consulting with an attorney, should have been suppressed. *Jamail v. State,* 787 S.W.2d 380, 381, 384 (Tex.Crim. App.1990). The Court of Criminal Appeals' opinion specifically states:

> It must be emphasized that the appellant is not arguing that his refusal to take the test is absolutely inadmissible. Rather, he is arguing that when one's refusal is predicated on the absence of requested counsel an invalid inference of guilt accompanies the evidence of the refusal.... After reviewing the videotape it is clear that the appellant's refusal to take the test occurred after he had repeatedly attempted to contact counsel.

*Id.* at 381. The *Jamail* Court specifically concluded that evidence of a defendant's invocation of the right to counsel does *not* carry an adverse inference of guilt. *Id.* at 382–83. Thereafter, the Court of Criminal Appeals in *Hardie* specifically stated that the *Jamail* opinion was *incorrect in that conclusion. Hardie v. State,* 807 S.W.2d 319, 321–22 (Tex.Crim.App.1991). Therefore, I cannot agree with the majority's conclusion in the present case that "the *reason* appellant refused to take the breath test, that he wanted an attorney's advice first, was not a determinant" in either *Jamail I* or *Jamail II.*

However, based on the law of the case doctrine, I agree with the overruling of ap-

review is certainly "meaningful" if disposition *is* on the merits.

pellant's points of error one and two. The heart of the Court of Criminal Appeals' holding in appellant's direct appeal, *Jamail II*, was that, although the trial court erred in overruling appellant's motion to suppress, the error was harmless. *Jamail II*, 787 S.W.2d at 383. The Court of Criminal Appeals later confirmed the error was harmless because of *a rule of evidence: the presumption that a trial judge disregards inadmissible evidence.* *Hardie*, 807 S.W.2d at 322. Even though such a holding is subsequently held to be erroneous, it will not ordinarily be subject to review. *Ex parte Schuessler*, 846 S.W.2d 850, 852 (Tex.Crim.App.1993).

The "law of the case" doctrine provides that once a question of law in a particular case has been finally resolved, that question will usually not be reconsidered in subsequent proceedings of the same case. *Schuessler*, 846 S.W.2d at 852 n. 7; *Ware v. State*, 736 S.W.2d 700, 701 (Tex.Crim.App.1987); *Ex parte Calvin*, 689 S.W.2d 460, 462 (Tex.Crim.App.1985). The general rule applies to the present case because no due process rights are involved in connection with the *rule of evidence* at issue here. It is on this ground that I would overrule points of error one and two.