Dennis Michael
McCAMBRIDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-84-0507-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1987.
Rehearing Denied Feb. 26, 1987.

J. Gary Trichter Mallett, Trichter & Brann, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., William J. Delmore, III, Jon Munier, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and COHEN, JJ.

## OPINION

### On Remand

EVANS, Chief Justice.

The appellant was charged with the misdemeanor offense of driving while intoxicated. On appellant's motion, the trial court suppressed the audio portion of a video tape made after appellant's arrest, but refused to suppress the video portion or the results of a breath-alcohol test. Pursuant to a plea bargain agreement, the appellant then waived a jury trial and entered a plea of guilty. On that plea, the court found appellant guilty and assessed his punishment at six months confinement, probated for two years, and a $200 fine.

On the original submission of this appeal, the appellant contended: (1) that the breath-alcohol test was obtained in violation of his right to assistance of counsel; (2) that he did not knowingly, intelligently, or voluntarily consent to the test; and (3) that his constitutional rights were violated because the police continued to interrogate him after he requested counsel. This Court overruled appellant's contentions and affirmed the trial court's judgment. *McCambridge v. State,* 698 S.W.2d 390 (Tex.App.—Houston [1st Dist.] 1985).

The Court of Criminal Appeals granted appellant's petition for discretionary review on two issues: (1) whether appellant had a right to counsel before deciding whether to take the breath-alcohol test, and (2) whether the State's use of the breath test results, obtained after appellant responded to *Miranda* warnings with a request for counsel, constituted a violation of the constitutional safeguards set forth in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The Court of Criminal Appeals, in an opinion delivered May 14, 1986, upheld this Court's rulings with respect to the two issues presented, holding: (1) that there was no denial of appellant's sixth amendment right to counsel because formal adversary proceedings had not been initiated against him; and (2) that the police had not violated appellant's fifth amendment rights under *Miranda* and *Edwards* by continuing to ask him whether he would willingly take the breath test. *McCambridge v. State,* 712 S.W.2d 499 (Tex.Crim.App.1986).

But the Court of Criminal Appeals further held that two additional constitutional issues were raised by appellant in his origi-

nal brief, that this Court failed to rule upon in its original opinion. The Court of Criminal Appeals accordingly remanded the cause to this Court, with instructions to consider appellant's contentions that his constitutional rights had been violated under (1) the right to counsel provision of the Texas Constitution (article I, section 10), and (2) the due process clause of the United States Constitution (amendment XIV) and the due course of law provision of the Texas Constitution (article I, section 19). *Id.* at 502–03. We therefore consider those issues here.

### Texas Constitution, Article I, Section 10

■ Essentially, the appellant contends that article I, section 10 of the Texas Constitution affords greater protection, i.e., a right to counsel at an earlier stage in the proceedings, than does the sixth amendment of the United States Constitution.

We have heretofore rejected this contention in two recent decisions. *Ramirez v. State*, 721 S.W.2d 490 (Tex.App.—Houston [1st Dist.], 1986, no pet.); *Foster v. State*, 713 S.W.2d 789, 790–91 (Tex.App.—Houston [1st Dist.] 1986, no pet.). In both *Foster* and *Ramirez*, we held that article I, section 10 of the Texas Constitution and its statutory progeny (Tex.Code Crim.P.Ann. arts. 1.05, 15.17) (Vernon Supp.1987) gave an accused the right to counsel only upon commencement of formal adversarial judicial proceedings, and that the right to counsel provision of our state constitution does not provide any greater protection in this respect than is afforded by the United States Constitution. The Fort Worth Court of Appeals later issued a similar holding. *Forte v. State*, 722 S.W.2d 219 (Tex.App.—Fort Worth, 1986) (on remand); *see also Floyd v. State*, 710 S.W.2d 807 (Tex.App.—Fort Worth 1986, no pet.); *Yates v. State*, 679 S.W.2d 534 (Tex.App.—Tyler 1984, pet. ref'd).

It does not appear that the Court of Criminal Appeals has yet addressed this specific constitutional question. *See Thomas v. State*, 723 S.W.2d 696, 705–706 (Tex.Crim.App., 1986). But, as stated earlier, that court has ruled that the right to counsel under the sixth amendment attaches only upon formal initiation of judicial proceedings. *McCambridge v. State*, 712 S.W.2d at 502; *Forte v. State*, 707 S.W.2d 89, 91 (Tex.Crim.App.1986).

The right to counsel provisions in article I, section 10 (and in Tex.Code Crim.P. art. 1.05) are quite similar in language and purpose to the provisions in the sixth amendment of the United States Constitution. The state provisions refer, as do the sixth amendment provisions, to the rights of an "accused" in a "criminal prosecution." The state provisions are obviously designed to protect the rights of a defendant after formal charges have been initiated, e.g., with the right to a speedy, public trial; the right to be heard by himself or counsel; the right to confront the witnesses against him; and the right to compulsory process to obtain witnesses in his favor. Similarly, the sixth amendment right to counsel exists to protect an "accused" during trial-type confrontations with the State. *See United States v. Gouveia*, 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984).

The appellant argues that the Texas Court of Criminal Appeals in two recent cases, *Dunn v. State*, 696 S.W.2d 561 (Tex. Crim.App.), *cert. denied*, — U.S. —, 106 S.Ct. 1478, 89 L.Ed.2d 732 (1986), and *Sanchez v. State*, 707 S.W.2d 575 (Tex.Crim. App.1986), departed from the federal interpretation of "criminal prosecution" in deciding when a right to counsel attaches under state law, and that the court held in those cases that a citizen's rights under article I, section 10 of the Texas Constitution attach when a suspect is taken into custody. Appellant argues that the right to counsel is logically included in those that attach under article I, section 10. We disagree with appellant's analysis of those decisions.

In *Dunn*, the court held only that the defendant's *fifth* amendment rights were violated when his retained attorneys were not permitted access prior to police interrogation. The court further declared that the defendant's arrest and subsequent questioning did not constitute a "sufficient

formalization of proceedings" to trigger the sixth amendment right to counsel. 696 S.W.2d at 565.

In *Sanchez,* the court did hold that the self-incrimination provision of article I, section 10 of the Texas Constitution provided greater protection than the *fifth* amendment of the United States Constitution. *Sanchez v. State,* 707 S.W.2d at 580; *see also Thomas v. State,* 723 S.W.2d at 703–704. But as the State points out, the court in *Sanchez* was concerned only with the protection of a defendant's pretrial silence and not with the right to counsel provisions of the federal and state constitutions.

We find no reason to depart from our holdings in *Foster* and *Ramirez,* and we accordingly overrule the appellant's first and second points of error.

### Due Process under the Fourteenth Amendment of the United States Constitution

### Due Course of Law under Article I, Section 19 of the Texas Constitution.

In his fifth, sixth, and seventh points of error, appellant contends that he was denied the right to assistance of counsel in violation of the due process and due course of law provisions of the federal and state constitutions, and also under article 1.05 of the Texas Code of Criminal Procedure.

■ The State correctly points out that appellant's written motion to suppress evidence asserted *other* constitutional and statutory provisions in support of his claim of the denial of right to counsel, and that his motion did not assert either the due process or due course of law provisions as the basis for *that* claim. Thus, the appellant did not preserve these contentions for review. *See Thomas v. State,* 723 S.W.2d 696; *Turner v. State,* 662 S.W.2d 357 (Tex. Crim.App.1984); Tex.R.App.P. 52. But since these constitutional questions were specifically remanded for our disposition, we proceed to consider them.

The fourteenth amendment of the United States Constitution extends the sixth amendment right to counsel to the states as a matter of due process. *Robles v. State,* 577 S.W.2d 699, 703 (Tex.Crim.App. 1979). The fourteenth amendment also guarantees certain basic procedural rights, which require that the states respect "certain decencies of civilized conduct" in criminal prosecutions. *Rochin v. California,* 342 U.S. 165, 173, 72 S.Ct. 205, 210, 96 L.Ed. 183 (1952); *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 151–152, 82 L.Ed. 288 (1937). Thus, the fourteenth amendment due process clause protects against a criminal conviction being obtained by methods that offend a "sense of justice." *Rochin,* 342 U.S. at 173, 72 S.Ct. at 210.

Some state courts, applying the fourteenth amendment protections to a person suspected of driving while intoxicated, have held that to unreasonably deny a suspect's request for counsel "offends a sense of justice which impairs the fundamental fairness of the proceeding." *See, e.g., Sites v. State,* 300 Md. 702, 481 A.2d 192 (1984); *State v. Newton,* 291 Or. 788, 636 P.2d 393 (1981). But other state courts have held that a person suspected of driving while intoxicated has no fourteenth amendment due process right to counsel when a breath-test request is made prior to the initiation of formal adversarial proceedings. *See, e.g., State v. Armfield,* 693 P.2d 1226 (Mont.1984); *State v. Braunesreither,* 276 N.W.2d 139 (S.D.1979); *see also Nyflot v. Commissioner of Public Safety,* 369 N.W.2d 512, 516–17 (Minn.), *appeal dismissed,* —— U.S. ——, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985).

Texas law provides that any person who drives on a public highway is deemed to have given his consent to the taking of a breath or blood-alcohol specimen. Tex.Rev. Civ.Stat.Ann. art. 6701*l*–5 (Vernon Supp. 1987). The language of the statute tends to prevent law enforcement officers from engaging in the type of conduct that could violate due process: it provides that if a person under arrest refuses to give a specimen, none shall be taken. *Id.* at sec. 2(a).

■ The circumstances set forth in the record before us do not reflect a violation of the basic "decencies of civilized con-

duct," i.e., those that offend "a sense of justice." Here, there is no indication that appellant was forced to undergo the particular test through the use of physical violence, *McCambridge v. State,* 712 S.W.2d at 504, or through some other means of inappropriate "compulsion." *See Thomas v. State,* 723 S.W.2d 696. We find no basis for holding that appellant was denied due process under the fourteenth amendment.

 Neither has the appellant demonstrated a violation of the due course of law provisions of article I, section 19 of the Texas Constitution, or its progeny, article 1.04 of the Texas Code of Criminal Procedure. The wording of the state due course of law provisions closely corresponds to the language of the fourteenth amendment of the United States Constitution. Although we may not automatically assume that the state protections correspond to the federal ones, *see Thomas v. State,* 723 S.W.2d at 702, we have found no independent historical or policy basis to conclude that the state provisions were intended to offer greater protection than the federal ones. We overrule appellant's fifth, sixth, and seventh points of error.

 In his third and fourth points of error (on remand), the appellant contends that he was denied his right to counsel in violation of Tex.Code Crim.P.Ann. arts. 15.-17 and 38.22 (Vernon Supp.1987). On original submission, the appellant argued in his brief that he was entitled to assistance of counsel under the provisions of Tex.Code Crim.P. 15.17. But as the State correctly points out in its reply brief on remand, appellant's motion to suppress did not list that statutory provision specifically in support of his right to counsel claim. Nor did the appellant's motion to suppress refer to the provisions of article 38.22 in support of his right to counsel claim, and appellant's brief on original submission made no reference to that statute. Appellant made no right to counsel claims in the trial court based on the provisions of sections 15.17 and 38.22, and the trial court, therefore, was not given an opportunity to rule on those contentions. On this appeal, the appellant has not shown any cause, justifica-

tion, or excuse for his failure to raise such contentions in the trial court. Because of this unexplained procedural default, we decline to review these claims here. *See Perry v. State,* 703 S.W.2d 668 (Tex.Crim.App. 1986); Tex.R.App.P. 52(a).

The judgment of the trial court is affirmed.