Brent Norris **WHITTINGTON**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–88–1062–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 12, 1989.
Rehearing Denied Nov. 2, 1989.

Kenneth W. Smith, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Brent Norris Whittington, appeals his judgment of conviction for the offense of aggravated sexual assault of a child. TEX.PENAL CODE ANN. § 22.021. (Vernon 1989). The jury found the appellant guilty and assessed punishment at 15 years confinement in the Texas Department of Corrections. We affirm.

The complainant, K.B., was a female child, eight years of age, on May 3, 1987 when the offense occurred. The complainant lived with her mother. Also residing in the same house was the mother's boyfriend, a man named Darren. Appellant, a friend of Darren, spent the night of May 2, 1987 at the house as an invited guest of Darren and complainant's mother.

On direct examination, complainant testified as follows: she woke up in the morning because she had wet her bed; she went into the bathroom and closed the door; when she was engaged in pulling up her shorts at the toilet, appellant entered the bathroom.

With the assistance of an anatomically correct doll, complainant proceeded to show the jury how appellant: (1) stuck one of his hands under the collar of her T-shirt and touched her chest; (2) placed his other hand on her vagina and rubbed that area; (3) placed his finger inside her vagina. Complainant testified that it hurt when appellant inserted his finger. On May 10, 1987, complainant related the incident to her grandmother who notified the authorities. Charges were filed and appellant was subsequently arrested.

Appellant brings ten points of error. In his first point of error, appellant submits he was denied his constitutional right against double jeopardy secured by article I, section 14 of the Texas Constitution when he was placed in jeopardy twice for the same offense during his single criminal trial. In his second point of error, appellant asserts he was denied assistance of counsel during a critical stage of the prosecution in violation of article I, section 10 of the Texas Constitution. In his points of error three through six, appellant contends the trial court erred in refusing to sustain appellant's objections to the State eliciting speculative, inadmissible legal conclusions from appellant during the punishment phase. In points of error seven through ten, appellant submits his conviction was obtained by virtue of the Texas Penal Code's two unconstitutional statutes,

§ 21.11 and § 22.021, in violation of appellant's due process rights under article I, section 19 of the Texas Constitution and also under the 14th amendment to the United States Constitution.

■ Appellant's first point of error asserts appellant was placed in double jeopardy for the same offense during his single criminal trial in violation of his constitutional right against double jeopardy. In addition to the aggravated sexual assault count, appellant was indicted for the lesser included offense of Indecency with a Child. TEX.PENAL CODE ANN. § 21.11. (Vernon 1989). The jury returned a verdict finding appellant guilty of both the greater and the lesser included offense. (See *Appendix No. 1—JURY VERDICT FORM*) The jury did not comply with the express written instruction on the verdict form to "choose one" meaning, to choose that appellant was either guilty of the greater offense of Aggravated Sexual Assault or that appellant was guilty of the lesser offense of Indecency with a Child or that appellant was not guilty at all.

Further, the court's charge on guilt or innocence did not authorize both convictions. The court's charge instructed the jury to: (a) consider whether appellant was guilty of Aggravated Sexual Assault; (b) only consider the lesser offense of Indecency with a Child if it was not convinced beyond a reasonable doubt that the appellant committed Aggravated Sexual Assault; and (c) resolve doubt as between the two offenses in appellant's favor by convicting only of the lesser offense. The jury simply did not follow the court's instructions.

In *Reese v. State*, 773 S.W.2d 314 (Tex. Crim.App.1989), the Texas Court of Criminal Appeals affirmed appellant's conviction. Justice Clinton, in his concurring opinion, refers to an incident similar to that which underlies appellant's first point of error. In *Reese*, the trial court instructed the jury to either find the defendant guilty of one of the two charged offenses or to acquit. Despite the court's instruction, the *Reese* jury returned a verdict finding appellant guilty of the greater offense of compelling prosti-

tution and also of the lesser offense of prostitution. Justice Clinton remarked that the trial judge and both prosecution and defense counsels concluded, in retrospect, that the jury should not even have considered the lesser included offense of prostitution because such a consideration was inconsistent with the court's instructions.

In the case before us, the jury's verdict was not in proper form because the jury did not adequately comply with the trial court's instructions. Had appellant objected when the verdict was announced, the judge would have routinely instructed the jury to return to the jury room to enter a proper verdict.

In the absence of appellant's objection to the form of the verdict, the trial court concluded, and properly so, that the jury found appellant guilty of the greater offense of Aggravated Sexual Assault. There was evidence in the record to support the jury's finding of aggravated sexual assault. The offense of Aggravated Sexual Assault of a child includes all the elements of the offense of Indecency with a Child. Had the jury fully complied with the instruction on the verdict form, then the jury would have found appellant guilty of the greater offense and the jury would not have considered the lesser included offense. It is axiomatic that a jury verdict need not be consistent if one is talking about a multi-count verdict, because in that instance each count of the charging instrument is considered separately, and a guilty verdict upon any count may stand, provided that it is supported by the evidence. *U.S. v. Varkonyi*, 611 F.2d 84, 86 (5th Cir.1980). Under federal law, the disposition of the remaining counts is immaterial to the appellate inquiry. *U.S. v. Michel*, 588 F.2d 986 (5th Cir.1979).

We find the trial court was correct in concluding that the jury found appellant guilty of the greater offense and that appellant was not placed in double jeopardy in violation of article 1, section 14 of the Texas Constitution. Appellant's point of error one is overruled.

Appellant's second point of error complains appellant was denied assistance of

counsel during a critical stage of the Prosecution. Appellant submits that his conviction should be reversed because he was denied assistance of counsel at a probable cause hearing conducted on September 12, 1987. The cause was reset twice for the Preliminary Initial Appearance hearing ("PIA") docket because appellant had not been arrested, and the matter was then reset for arraignment on October 6, after the scheduled grand jury presentation date. Appellant was indicted on September 21, 1987, but as of October 6, 1987, appellant had yet to be arrested. Appellant did appear without counsel on April 13, 1988, at which time counsel was appointed.

Appellant should recognize that a grand jury indictment operates to override any determination made at a prior hearing. Article 16.01 of the TEXAS CODE OF CRIMINAL PROCEDURE (Vernon Supp.1989) states in pertinent part:

"... The accused in any felony case shall have the right to an examining trial *before* indictment ... (emphasis added).

It is well established that a defendant loses his right to an examining trial when he is indicted. This principle is fully articulated in *Brown v. State*, 475 S.W.2d 938 (Tex.Crim.App.1971). "... the return of a true bill by the grand jury satisfies the principal purpose and justification for such a preliminary hearing—that there is probable cause to believe the accused committed the crime charged." 475 S.W.2d at 946; *Bullard v. State*, 533 S.W.2d 812, 816 (Tex. Crim.App.1976); *McDonald v. State*, 513 S.W.2d 44, 46 (Tex.Crim.App.1974); *accord Tarpley v. Estelle*, 703 F.2d 157, *reh'g denied* 710 F.2d 837 (5th Cir.) *cert. denied* 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983).

■ We agree with appellant that the PIA hearing is a critical stage of the Prosecution. *McCambridge v. State*, 778 S.W.2d 70 (Tex.Crim.App.1989). Accordingly, appellant was entitled to assistance of counsel at his PIA hearing. It is conceivable that an attorney could have persuaded the magistrate to drop the charges filed against appellant. However, as previously explained, under Texas law, the return of a

bill of indictment by a grand jury effectively preempts prior determinations of probable cause, including those made at a PIA hearing. There is no evidence in the record that appellant's failure to receive legal counsel at the PIA hearing contributed to either his conviction or punishment. TEX.R. APP.PROC. 81(b)(2). Point of error two is overruled.

Appellant's points of error three through six inclusive contend the trial court erred in refusing to sustain appellant's objections to the State's eliciting speculative, inadmissible legal conclusions from appellant during the punishment phase.

■ Appellant's point of error three complains that the Prosecutor improperly requested appellant to provide her with a legal conclusion when she asked appellant to explain his understanding of probation. The exchange in question went as follows:

PROSECUTOR: What *do you* understand probation to be?

A: Things, that is carry out as far a lot of heavy duty fines; a lot of reporting to be lengthy, the full length of probation.

DEFENSE COUNSEL: Your honor, may I object? She's asking the Defendant a legal conclusion. The Court is going to give instructions as to what probation is and I would suggest that any other answer by him is speculation as to a legal matter and which is a matter for the Court and not for a witness, particularly one that is not a lawyer.

THE COURT: That's overruled.

We note that appellant was asked what he, personally, understood probation to be. Clearly, appellant's expression as to his own understanding of probation is a factual response and not a legal conclusion. Point of error three is overruled.

■ Appellant's fourth and fifth points of error complain the trial court erred in refusing to sustain his objections to the State eliciting speculative and inadmissible legal conclusions in response to the following questions:

PROSECUTOR: Of those two things that you've listed, heavy duty fines and having to report to a Probation Officer,

can you tell me would paying a heavy duty fine, would that be punishment to you?

DEFENDANT: No, ma'am.

PROSECUTOR: Would having to report to a Probation Officer, would that be punishment to you?

DEFENSE COUNSEL: Your honor, I'm going to object to these last two questions. She's asking him to invade the province of the Jury. It's the Jury's right to determine what his punishment is, not his.

THE COURT: That's overruled.

We note that appellant's objection at trial was that the questions posed required appellant *to invade the province of the jury.* On appeal, appellant has re-phrased his objection to the effect that the questions required appellant to provide a "speculative, inadmissible legal conclusion." An objection on appeal must comport with the objection at trial, otherwise the objection is waived. *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App.1986). Points of error four and five are overruled.

■ In his sixth point of error, appellant complains that the trial court erred in refusing to sustain his objection to the State eliciting a speculative and legal conclusion in response to the following questions:

PROSECUTION: What about the reporting, do you think its punishment?

DEFENSE COUNSEL: Your honor, I'm going to object to the State asking him to speculate about terms and conditions of the probation as being punishment or rehabilitation or deterrence or anything else. That's a legal question. The Court will instruct the Jury that it is not for him to speculate about

THE COURT: That's overruled.

THE PROSECUTION: ....if someone has to report to a Probation Officer you've said that's how you understand probation to be. I'm just asking what about that makes it punishment to you?

DEFENSE COUNSEL: Your Honor, I would object. That question has been asked and answered at least three times. He said he's not familiar with all of the

terms and conditions of probation as were given to him by a Court.

COURT: All right. Sustained.

We note that the record reveals that appellant never did actually respond to the question posed. The objection was initially overruled. The question was repeated and appellant's objection was then sustained by the court. Since appellant did not receive an adverse ruling on his objection, error was not preserved for appellate review. *Nastu v. Texas,* 589 S.W.2d 434 (Tex.Crim. App.1979), *cert denied* 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Adams v. State,* 577 S.W.2d 717 (Tex.Crim.App. 1979) *rev'd on other grounds* 444 U.S. 990, 100 S.Ct. 519, 62 L.Ed.2d 419 (1979); *Barnett v. State,* 733 S.W.2d 342, 346 (Tex. App.—Houston [14th Dist.] 1987, no pet.). Point of error six is overruled.

■ In his points of error seven through ten appellant urges that the applicable statutes of the Texas Penal Code, § 22.021 (Aggravated Sexual Assault) and § 21.11 (Indecency with a Child) are overly broad and void for vagueness under the 14th Amendment to the U.S. Constitution and under article 1, § 19 of the Texas Constitution. Appellant's complaint is that the element of penetration which distinguishes Aggravated Sexual Assault from the offense of Indecency with a Child is ambiguous and unclear. Appellant's concern is that both statutes proscribe conduct that is identical. We find that there is no question as to the meaning ôf the term "penetration" in the record before us. The complainant provided detailed testimony that appellant's finger "went inside" her vagina. As to this appellant the statutes are not vague because the complainant's testimony was most definite on the element of penetration. In *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), the United States Supreme Court wrote: "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker,* 417 U.S. at 756, 94 S.Ct. at 2562. In addition, when challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation the statute is

unconstitutional to him in his situation; that it may be unconstitutional as to others is not sufficient. *Parent v. State*, 621 S.W.2d 796 (Tex.Crim.App.1981); *Briggs v. State*, 740 S.W.2d 803 (Tex.Crim.App.1987). We find that the record contains clear and definite evidence as to appellant's conduct relative to the element of penetration. We hold that the statutes were not unconstitutionally vague as applied to this particular appellant. Appellant's points of error seven through ten are overruled.

Accordingly, the judgment of the trial court is affirmed.

## APPENDIX NO. 1 - JURY VERDICT FORM

VERDICT OF THE JURY ON GUILT OR INNOCENCE

CAUSE NO. 483993

| | | |
|---|---|---|
| THE STATE OF TEXAS | ǀ | IN THE 338TH DISTRICT COURT |
| VS. | ǀ | OF HARRIS COUNTY, TEXAS |
| BRENT NORRIS WHITTINGTON | ǀ | NOVEMBER TERM, A. D., 1988 |

### CHOOSE ONE

"We, the Jury, find the defendant, Brent Norris Whittington, guilty of aggravated sexual assault, as charged in the indictment."

_____
Foreman of the Jury

"We, the Jury, find the defendant, Brent Norris Whittington, guilty of indecency with a child, as charged in the indictment."

_____
Foreman of the Jury

"We, the Jury, find the defendant, Brent Norris Whittington, not guilty."

_____
Foreman of the Jury