William Robert OLIVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-90-00285-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 2, 1991.

Kenneth W. Smith, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Roger Haseman, Asst. Dist. Atty., for appellee.

Before TREVATHAN, C.J., and DUGGAN and DUNN, JJ.

## OPINION

TREVATHAN, Chief Justice.

Appellant, William Robert Oliver, appeals from a jury conviction for possession of less than 28 grams of methamphetamine. The court found the enhancement allegation "true" and assessed punishment at confinement in the Texas Department of Criminal Justice, Institutional Division, for 10 years. We affirm.

In nine points of error, appellant complains that: (1) he was denied assistance of counsel at the preliminary initial appearance hearing ("PIA"), in violation of the federal and state constitutions and state law; (2) he was denied effective assistance of counsel and, thus, was denied a fair trial, in violation of the federal and state constitutions; and (3) his conviction is void because of the State's use of perjured testimony.

Points of error one, two, and three assert that appellant was denied assistance of counsel at the PIA hearing. Appellant argues that the PIA is a "critical stage" of the prosecution, thus triggering his right to counsel under the sixth and fourteenth amendments of the United States Constitution, under article I, section 10 of the Texas Constitution, and under article 1.051 of the Texas Code of Criminal Procedure.

A felony complaint was filed against appellant on July 21, 1987, and a PIA hearing was set for the following day. The docket sheet reflects that on July 22, 1987, appellant appeared at the hearing without counsel and was given his statutory warnings. At the hearing, the magistrate found probable cause to detain appellant. The next docket entry, on August 14, 1987, indicates that appellant appeared with counsel before the court. An indictment was returned by the grand jury on October 7, 1987. The cause proceeded to trial on February 1, 1988.

Article 14.06 of the Texas Code of Criminal Procedure requires that a person who has been arrested be taken before a magistrate, who must then perform the duties described in article 15.17 of the Code. Article 15.17 states:

> The magistrate shall inform in clear language the person arrested, either in person or by closed circuit television, of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, of his right to request the appointment of counsel if he is indigent and cannot afford counsel, and of his right to have an examining trial....

TEX.CODE CRIM.P.ANN. art. 15.17 (Vernon Supp.1991). A document titled "Statutory Warning by Magistrate" was signed by appellant on July 22, indicating that he was given the statutory warnings required by article 15.17.

A defendant's sixth amendment right to counsel[1] does not attach until formal criminal proceedings have been initiated against him. *United States v. Gouveia*, 467 U.S. 180, 187, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984). In the earlier case of *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972), the Supreme Court concluded that the sixth amendment right to counsel attaches only upon or after formal initiation of judicial proceedings. The Court noted that adversary judicial proceedings can be initiated by way of formal charge, preliminary hearing, indictment, information, or arraignment. *Id.*, 92 S.Ct. at 1882. *See also United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967) ("critical stage" normally occurs after a criminal complaint is filed); *McCambridge v. State*, 712 S.W.2d 499, 502 (Tex.Crim.App.1986), *affirming McCambridge v. State*, 725 S.W.2d 418 (Tex.App.—Houston [1st Dist.] 1987) (appellant's sixth amendment right to counsel attached when complaint and information were filed). Thus, we hold that appellant's sixth amendment right to counsel attached at the time the complaint was filed, on July 21, 1987. Although advised of his right to counsel, appellant at no time requested counsel at the PIA. He now claims he was denied what he never requested.

The case law dictates that the filing of a complaint is a critical stage, and the defendant has a right to counsel. There are certain statutory proceedings set forth in article 1.051 which must be considered in light of this right. As article 1.051 is written, a defendant may be afforded counsel only after a determination has been made that (1) the defendant has requested appointed counsel, and (2) the defendant is indigent. In this regard, the PIA hearing is merely a procedural bridge that spans the gulf between the right of a defendant to assistance of counsel and the actual appointment of counsel to represent the defendant. Though the hearing takes place after a defendant's right to counsel has

---

1. The sixth amendment provides: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI.

attached, the hearing serves the purpose of giving practical effect to an abstract protection. Thus, the PIA hearing affords a defendant the opportunity to appear before a magistrate for statutory warnings under article 15.17 and affirmatively state that he desires appointment of counsel. *See McGee v. Estelle*, 625 F.2d 1206, 1209 (5th Cir.1980), *cert. denied*, 449 U.S. 1089, 101 S.Ct. 883, 66 L.Ed.2d 817 (1981).

■ We cannot, therefore, hold that appellant's right to assistance of counsel was "denied" in the absence of assertions that he invoked a right to counsel prior to or during the PIA hearing. The record is devoid of any such allegations. Appellant's points of error one, two, and three are overruled.

In points of error four and five, appellant argues that he was denied effective assistance of counsel, in violation of the federal and state constitutions. In points of error six and seven, he contends that he was denied a fair trial by cumulative error under the fourteenth amendment of the United States Constitution and under article I, section 19 of the Texas Constitution. We will consider these points of error together.

■ The standard of review for effectiveness of counsel is gauged by the totality of the representation of the accused. *Ex parte Duffy*, 607 S.W.2d 507, 516 n. 16 (Tex.Crim.App.1980); *Haynes v. State*, 727 S.W.2d 294, 299 (Tex.App.—Houston [1st Dist.] 1987, pet. dism'd). The constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. Rather, the right to effective assistance of counsel means the defendant is provided with counsel who is likely to render reasonably effective assistance. *Ex parte Cruz*, 739 S.W.2d 53, 57–58 (Tex.Crim.App.1987); *Palmer v. State*, 764 S.W.2d 332, 336 (Tex.App.—Houston [1st Dist] 1988, no pet.). An isolated failure to object to certain procedural mistakes or improper evidence does not necessarily constitute ineffective assistance of counsel. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim.App.1984); *Jackson v. State*, 682 S.W.2d 692, 696 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). To obtain a rever-

sal because of ineffective assistance, appellant must show that: (1) counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the sixth amendment; and (2) a reasonable probability exists that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 695, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *Cooper v. State*, 769 S.W.2d 301, 304–305 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

■ The *Strickland* test was adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim.App.1986). The Court of Criminal Appeals concluded that the *Strickland* test controlled review for ineffective assistance of counsel and that the state constitution and statutes did not create a more protective environment than *Strickland*. *Hernandez*, 726 S.W.2d at 56–57. Whether the *Strickland* standard has been met is judged by the totality of counsel's representation and not by isolated acts or omissions of trial counsel. *Solis v. State*, 792 S.W.2d 95, 98 (Tex.Crim.App.1990).

Appellant first complains that counsel was ineffective for failing to object to the trial court's remarks to the venire that any errors made by the court in resolving the admissibility of evidence would be resolved at some later time by a higher court. The trial court explained to the venire that the jury is the sole judge of the facts proved and the credibility of the witnesses in the case, but interpreting the law is the job of the court. As such, the jury may have to be removed from the courtroom to allow objections to be made out of the jury's presence.

■ We find that counsel for appellant did not err in failing to object to comments of the trial judge. Appellant's reliance of this Court's opinion in *Borgen v. State*, 682 S.W.2d 620 (Tex.App.—Houston [1st Dist.] 1984, no pet.), is misplaced. In *Borgen*, this Court held that argument of the prosecutor to the effect that any jury mistake could be rectified on appeal was reversible

error because it encouraged jurors to ignore their responsibility to render a fair verdict. *Id.* at 623–24. In the present case, the trial court informed the venire that any mistake the court made on a matter of law could be rectified on appeal. The venire was never informed that if the jury found appellant guilty, a higher court could correct any errors made by the jury, nor was the venire encouraged to ignore its responsibility.

Next, appellant contends that counsel was ineffective in failing to properly question or challenge two panelists shown to have a possible bias. Specifically, appellant asserts that one panelist insisted that he would hold appellant's failure to testify against appellant. Another panelist indicated he had previously seen appellant in the panelist's capacity as an usher at the Summit.

We need not reach the issue of whether counsel's performance during voir dire as to these two panelists was deficient, as neither was seated on appellant's jury. Ironically, both were peremptorily struck by the State. Thus, appellant failed to meet the second prong of *Strickland* to show that the outcome of his trial would have been different, since neither panelist was on the jury. No harm is shown.

Appellant also alleges that counsel was ineffective for failing to preserve error for appeal by not requesting a mistrial, after the trial court sustained counsel's objection to a question and instructed the jury to disregard the answer.

At trial, Officer Ronald Hulett testified that he was in the process of conducting a search of a motel room pursuant to a consent to search. Appellant was inside the room, and during the search, a small shaving kit was found that contained methamphetamine. The shaving kit had appellant's name on it. When asked how the name was printed on the kit, Hulett replied, "I don't recall, but he claimed it was his at the time." Counsel's objection was sustained, and the court instructed the jury to disregard the witness' last statement. Counsel did not request a mistrial.

We find that counsel's failure to request a mistrial does not rise to a level of ineffective assistance of counsel. As a general rule, error in admitting improper evidence may be cured by the trial court's withdrawal of the evidence and an instruction to disregard. *Livingston v. State,* 739 S.W.2d 311, 335 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Guzmon v. State,* 697 S.W.2d 404, 408 (Tex.Crim.App.1985); *Williams v. State,* 643 S.W.2d 136, 138 (Tex.Crim.App.1983); *Richardson v. State,* 624 S.W.2d 912 (Tex.Crim.App.1981).

We do not find that appellant was denied effective assistance of counsel. We overrule points of error four through seven.

In points of error eight and nine, appellant claims his conviction is rendered void because the State elicited perjured testimony of Hulett. Appellant was arrested with James Alfred Carroll. Each was tried separately for possession of methamphetamine.

Appellant requests that this Court review the testimony of Officers Hulett and Trumps at Carroll's trial on April 28, 1988. Appellant claims that by examining the records in the two cases, this Court will find material statements made by the officers during appellant's trial are so in conflict with their statements made during Carroll's trial that the testimony cannot be reconciled. He argues that the statements are so inconsistent that they rise to the level of perjured testimony, which was knowingly used by the State against appellant.

We decline to review the record of Carroll's trial. Testimony developed subsequent to any proceedings surrounding appellant's trial do not constitute a part of appellant's "record." This Court will not review the record of another case to find support for contentions raised in this appeal. *See Farris v. State,* 712 S.W.2d 512, 515–16 (Tex.Crim.App.1986); *Garza v. State,* 622 S.W.2d 85, 89–90 (Tex.Crim.App. 1981 [Panel Op.]) (op. on reh'g). Points of error eight and nine are overruled.

The judgment of the trial court is affirmed.