**Ruben FREEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–91–00426–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 19, 1992.

Kenneth W. Smith, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Ruben Freeman, appeals his judgment of conviction for the offense of delivery of a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants and dilutants, less than 28 grams. TEX.HEALTH AND SAFETY CODE ANN. § 481.102(3)(D) and § 481.112(a), (b) (Vernon Supp.1992). The jury rejected appellant's not guilty plea. The court, after finding both enhancement paragraphs of the indictment to be true, assessed punishment at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In appellant's three points of error he asserts: 1) he was denied the assistance of counsel at a critical stage of the State's prosecution. That being at the preliminary initial appearance (PIA) hearing; 2) that the complaint filed in the instant case reflects that the assistant district attorney set bail in violation of the separation of powers doctrine provided by Article II, section 1 of the Texas Constitution; and 3) that the complaint filed in the instant case reflects that an assistant district attorney set bail in violation of the appellant's due course of law guarantee under Article I, sections 13 and 19 of the Texas Constitution.

On April 13, 1990, a felony complaint was filed against appellant for delivery of a controlled substance. On April 14, appel-lant appeared before the court at a "preliminary initial appearance" hearing. The docket sheet reflects that on April 14, 1990, appellant appeared at a "probable cause" hearing, where a determination of probable cause was made and appellant was read his statutory warnings under TEX.CRIM.PROC. CODE ANN. art. 15.17 (Vernon Supp.1992). Appellant appeared without counsel at this hearing. At the hearing, the magistrate found probable cause to detain appellant and reset the case to April 16, 1990. On April 16, 1990, appellant appeared without counsel before the trial court, filed a pauper's oath requesting counsel, and received counsel. An indictment was returned by the grand jury on May 8, 1990. Appellant was reindicted on June 19, 1990. On May 2, 1991, the cause proceeded to trial on the second indictment.

In his first point of error appellant contends he was denied the assistance of counsel at a critical stage of the State's prosecution, to-wit at the PIA hearing. Appellant's contentions have been repeatedly rejected by Texas courts, which have held there was neither error nor harm. *See Oliver v. State*, 813 S.W.2d 762, 764–65 (Tex.App.—Houston [1st Dist.] 1991, pet. granted); *Switzer v. State*, 809 S.W.2d 781, 783 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Hernandez v. State*, 808 S.W.2d 536, 539 (Tex.App.—Waco 1991, no pet.); *Whittington v. State*, 781 S.W.2d 338, 341 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). We will follow these holdings.

Appellant has failed to show that he was denied counsel at this stage, and how the absence of counsel at this stage in any way prejudiced appellant's subsequent trial. Appellant has not shown that he was denied counsel. The record indicates that appellant did not request appointed counsel at this point. There is no duty imposed on the trial court to appoint counsel until the defendant shows that he is indigent. *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim.App.1988); *Harriel v. State*, 572 S.W.2d 535 (Tex.Crim.App.1978); *Williams v. State*, 691 S.W.2d 81, 84 (Tex.App.— Houston [1st Dist.] 1985, no pet.). A defen-

dant who asserts that he wishes to represent himself or retain counsel, has the responsibility to inform the trial court if he wants representation by counsel but can no longer afford it. *Williams v. State,* supra.

■ Appellant did not request appointed counsel until April 16, 1990, two days after the PIA hearing. Appellant cannot now claim that he was denied counsel at that hearing, as the record does not indicate that he made any request for the appointment of counsel or gave any indication that he was indigent. *Gray v. Robinson,* supra; *Harriel v. State,* supra; *Williams v. State,* supra. If appellant's contention is that he was denied counsel at this stage, it is his responsibility to establish a record supporting that claim. Appellant has not provided this court with any testimony whatsoever regarding appellant's desire to be represented by counsel. Mere assertions in a brief not supported by evidence in a record will not be considered on appeal. *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex. Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982); *Tooke v. State,* 642 S.W.2d 514, 518 (Tex. App.—Houston [14th Dist.] 1982, no pet.).

Appellant must show not only that he was *entitled* to counsel at the PIA hearing, but also that he was *deprived* of counsel at the PIA hearing. While the record reflects that counsel was not present, that is no indication that appellant ever requested counsel or indicated that he wished to retain counsel for this proceeding. We find that appellant was not denied the assistance of counsel at the PIA hearing.

■ Lack of counsel at the PIA, if error, was harmless. Further, even if appellant was entitled to assistance of counsel at the PIA hearing, appellant has failed to show how that lack of counsel contributed to either his conviction or punishment. In *Whittington v. State,* 781 S.W.2d 338 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) this court stated the following.

> We agree with appellant that the PIA hearing is a critical stage of the prosecution. *McCambridge v. State,* 778 S.W.2d 70 (Tex.Crim.App.1989). Accordingly appellant was entitled to assistance of counsel at his PIA hearing. It is conceivable that an attorney could have persuaded the magistrate to drop the charges filed against appellant. However, as previously explained, under Texas law, the return of a bill of indictment by a grand jury effectively preempts prior determinations of probable cause, including those made at a PIA hearing. There is not evidence in the record that appellant's failure to receive legal counsel at the PIA hearing contributed to either his conviction or punishment. TEX. R.APP.P. 81(b)(2). *Id.* 781 S.W.2d at 341.

The facts in the instant case are the same. Appellant, subsequent to the PIA hearing, was indicted by a grand jury for delivery of a controlled substance, an independent determination of probable cause which preempted the decision of the magistrate at the PIA hearing. Accordingly, appellant's lack of representation at the PIA hearing, the purpose of which is to inform appellant of his rights and make an initial determination of probable cause, in no way contributed to his conviction or punishment. TEX.R.APP.P. 81(b)(2). Nothing happened at appellant's PIA hearing that affected appellant adversely. The rapid appointment of counsel gave appellant the entire period of his preindictment detention to request an examining trial. He had counsel throughout his pretrial detention to help him attack the amount of the bond. Neither the right to an examining trial nor the right to reduced bond nor any other right was affected by anything that happened at the PIA hearing. Appellant's first point of error is overruled.

■ Appellant complains in points of error two and three that the State impermissibly set appellant's bail in violation of the Texas Constitution. We find that these complaints are moot.

Appellant is currently being held under a judgment and sentence of twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. "It is axiomatic that a cause becomes moot when the appellate court's judgment cannot have any practical legal

effect upon a controversy." *State v. Garza*, 774 S.W.2d 724, 727 (Tex.App.—Corpus Christi 1989, pet. ref'd). It is accordingly equally axiomatic that the issue of bail being set on a *complaint* is a moot issue after an appellant is convicted. *See, e.g., Henriksen v. State*, 500 S.W.2d 491, 494 (Tex.Crim.App.1973); *Ex parte Clay*, 479 S.W.2d 677, 678 (Tex.Crim.App.1972). We find that the merits of this issue are not before this Court. Appellant's second and third points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.