Emeterio MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 040–93.

Court of Criminal Appeals of Texas, En Banc.

April 20, 1994.

Discretionary Review Refused April 20, 1994.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Atty., and Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant pled guilty to committing the offense of murder and, pursuant to a plea agreement, the trial court assessed punishment at confinement for twenty years. The Court of Appeals reversed the conviction, holding that the evidence was insufficient to support the conviction. *Martinez v. State*, 841 S.W.2d 954 (Tex.App.—Corpus Christi, 1992).

The Court of Appeals did not have the benefit of our recent case interpreting Tex. R.App.Pro. 40(b)(1) and explaining the limits of jurisdiction concerning a notice of appeal. *Davis v. State*, 870 S.W.2d 43 (Tex.Cr.App. 1994). Accordingly, we summarily grant grounds one and two of the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand the case to the Court of Appeals to reconsider appellant's points of error in light of *Davis.* Ground three of the State's petition is refused.

BAIRD, Judge, concurring.

While I agree with the decision to remand this case to the Court of Appeals for reconsideration in light of *Davis v. State*, 870 S.W.2d 43 (Tex.Cr.App.1994), and *Lyon v. State*, 872 S.W.2d 732 (Tex.Cr.App.1994), I write separately to note the State's petition for discretionary could be refused for failure to comply with the applicable rules of appellate procedure. Specifically, Tex.R.App.P. 202(d)(4) provides in pertinent part:

Grounds for Review. A statement of the grounds upon which the petition is predicated shall be stated *in short form without argument* ... In lieu of grounds for re-

view, the petition may contain the questions presented for review, ... *without unnecessary detail. The statement of the questions should be short and concise and should not be argumentative or repetitious.* (Emphasis added.)

The grounds for review in the State's petition do not meet the requirements of Rule 202(d)(4).[1] Therefore, the State's petition could be summarily refused. *Degrate v. State,* 712 S.W.2d 755 (Tex.Cr.App.1986). In the past, we have overlooked similar noncompliance by the appellant. *Thorpe v. State,* 863 S.W.2d 739 (Tex.Cr.App.1993). However, all criminal practitioners should be aware that we expect strict compliance with the Rules of Appellate Procedure and failure to so comply will generally be sufficient for this Court to refuse to exercise its discretionary jurisdiction.

With these comments, I join the judgment of the Court.

---

1. The State's first and second grounds for review state:

   FIRST GROUND FOR REVIEW

   By acknowledging that the issue of whether TEX.RULES APP.PROC.ANN. Rule 40(b)(1) permits an appeal challenging the sufficiency of the evidence to support a conviction following a negotiated plea of nolo contendere is presently pending on discretionary review of *Davis v. State,* 773 S.W.2d 404 (Tex.App.—Fort Worth 1989, pet. granted); remarking that it believed that "the most judicially prudent and economic course of action" was to consider the merits of Appellant's appellate challenge of this type; and ultimately granting Appellant relief on the merits based on its analysis of the merits of Appellant's complaint, the Court of Appeals has erred by, at least implicitly, adopting the position that Rule 40(b)(1) permits this type of appellate challenge to sufficiency of the evidence although the issue was not raised prior to trial and was not one on which the trial judge had granted permission to appeal.

   SECOND GROUND FOR REVIEW

   By further acknowledging that the opinion of the Fort Worth Court of Appeals in *Davis,* *supra,* not only adopted the view that TEX. RULES APP.PROC.ANN. Rule 40(b)(1) authorized an appellate challenge to sufficiency of the evidence to support a conviction following a negotiated plea of nolo contendere, but rather also rejected the argument that said rule was invalid to the extent it allowed such an attack, because the legislation which authorized promulgation of the rules explicitly prohibited abridging, enlarging, or modifying the rights of a litigant; making the remark that it believed that "the most judicially prudent and economic course of action" was to consider the merits of Appellant's appellate challenge to sufficiency of the evidence; and ultimately granting Appellant relief on the merits based on its analysis of the merits of Appellant's complaint, the Court of Appeals erred by, at least implicitly, taking the position that Rule 40(b)(1) not only permits the type of appellate challenge to sufficiency of the evidence Appellant attempted to assert, but rather also does not violate the legislative mandate authorizing the Court of Criminal Appeals to promulgate rules of appellate procedure.