Ruben **FREEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 708–92.

Court of Criminal Appeals of Texas, En Banc.

April 20, 1994.

Discretionary Review Refused
April 20, 1994.

Kenneth W. Smith, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Scott A. Durfee and Natalie Fleming, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

*DISSENTING OPINION TO THE REFUS-
AL OF APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

The opinion of the Court of Appeals in this case is in direct conflict with our recent opinion in *Oliver v. State*, 872 S.W.2d 713 (Tex.Cr.App.1994). Because the Court of Appeals did not have the benefit of that opinion, I believe we should summarily grant appellant's petition for discretionary review and remand the case to the Court of Appeals. Because the majority fails to do so, I respectfully dissent.

## I.

The pertinent facts are as follows. A felony complaint was filed against appellant on April 13, 1990. The following day and without counsel, appellant appeared before a magistrate for his preliminary initial appearance (PIA) hearing. The magistrate warned appellant of his statutory rights pursuant to Tex.Code Crim.Proc.Ann. art. 15.17 and determined probable cause existed to detain appellant. The record is silent as to whether appellant requested an attorney at that point in the proceedings. On April 16, appellant filed a pauper's oath and counsel was appointed. Appellant was subsequently convicted.

On direct appeal appellant contended he was denied the assistance of counsel at the PIA hearing. While acknowledging the right to counsel had attached by the time of the PIA hearing, *Freeman v. State*, 828 S.W.2d 179, 180 (Tex.App.—Houston [14th Dist.] 1992) (citing *Oliver v. State*, 813 S.W.2d 762, 764–765 (Tex.App.—Houston [1st Dist.] 1991), the Court of Appeals held appellant was not denied the assistance of counsel because he failed to invoke that right:

> Appellant did not request appointed counsel until April 16, 1990, two days after the PIA hearing. Appellant cannot now claim that he was denied counsel at that hearing, as the record does not indicate that he made any request for the appointment of counsel or gave any indication that he was indigent. If appellant's contention is that he was denied counsel at this stage,

it is his responsibility to establish a record supporting that claim....

> Appellant must show not only that he was *entitled* to counsel at the PIA hearing, but that he was *deprived* of counsel at the PIA hearing. While the record reflects that counsel was not present, there is no indication that appellant ever requested counsel or indicated that he wished to retain counsel for this proceeding. We find that appellant was not denied the assistance of counsel at the PIA hearing.

*Freeman,* 828 S.W.2d at 181 (citations omitted) (emphasis in original).

## II.

In *Oliver v. State*, 813 S.W.2d 762 (Tex. App.—Houston [1st Dist.] 1991), the Court of Appeals addressed the identical issue. Following the filing of a felony complaint, Oliver was taken before a magistrate for his PIA hearing. *Id.*, at 764. The magistrate informed Oliver of his statutory rights pursuant to art. 15.17 and determined probable cause existed to detain him. *Id.* The record was silent as to whether Oliver requested counsel during the hearing but it was clear that counsel was not appointed until a later date. *Id.* Oliver was subsequently convicted and appealed, contending he was denied the assistance of counsel at his PIA hearing. *Id.*

The Court of Appeals held because "the filing of a complaint is a critical stage," the right to counsel had attached at Oliver's PIA hearing. *Id.*, at 764–765. Nevertheless, the Court of Appeals affirmed, holding Oliver waived his right to counsel because he failed to invoke the right:

> We cannot ... hold that appellant's right to assistance of counsel was "denied" in the absence of assertions that he invoked a right to counsel prior to or during the PIA hearing. The record is devoid of any such allegations....

*Id.*, at 765.

However, we granted review and reversed. *Oliver v. State*, 872 S.W.2d 713 (Tex.Cr.App. 1994). Addressing the waiver issue, we noted that waiver of the right to counsel must be made voluntarily, knowingly and intelligently. *Id.*, at 714–15. A waiver of such

right may not be inferred merely from a defendant's inaction. *Id.*, at 714. Consequently, a defendant does not waive the right to counsel merely by failing to request counsel. *Id.*, at 715. We concluded:

> Because it is apparent from the settled case law of this Court and the United States Supreme Court that failure to request counsel does not amount to the voluntary relinquishment or abandonment of a known right, it follows that the lower court erred to hold that Appellant waived his Sixth Amendment right to counsel by failing to request the appointment of an attorney under authority of article 1.051(c), Texas Code of Criminal Procedure.

*Id.*, at 716. We remanded the case to the Court of Appeals for reconsideration in light of our opinions in *Oliver* and *Green v. State,* 872 S.W.2d 717 (Tex.Cr.App.1994).

### III.

It is clear that in the instant case, the Court of Appeals addressed the same issue we decided in *Oliver,* viz., whether a defendant waives his right to the assistance of counsel by failing to affirmatively request counsel at his PIA hearing. However, in holding the failure to request counsel waives that right, the Court of Appeals' resolution of the instant case directly conflicts with our opinion in *Oliver.* Because the Court of Appeals did not have the benefit of our opinion in *Oliver* at the time of its decision, I believe we should summarily grant appellant's petition for discretionary review and remand this case to the Court of Appeals for reconsideration in light of our opinions in *Oliver* and *Green.*

For some unknown reason, the majority fails to treat this appellant as it treated Oliver. I refuse to stand by and acquiesce to such unequal treatment of similarly situated appellants. *See and compare, Martinez v. State,* 874 S.W.2d 684 (Tex.Cr.App.1994) (State's petition summarily granted and case remanded the case for reconsideration in light of our opinions in *Lyon v. State,* 872 S.W.2d 732 (Tex.Cr.App.1994), and *Davis v. State,* 870 S.W.2d 43 (Tex.Cr.App.1994)).

With these comments, I dissent to the refusal of appellant's petition for discretionary review.