**DISMISS and Opinion Filed March 22, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00816-CR**
_____

**EX PARTE BABAK TAHERZADEH**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F16-12037-J**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Osborne

Babak Taherzadeh appeals the trial court's order denying his motion for bond pending the direct appeal of his underlying conviction for stalking. Because appellant's requested relief is no longer available to him, we dismiss this appeal.

Appellant was indicted for stalking. He entered into a plea bargain agreement in which he agreed to plead guilty in exchange for the State's recommendation he be placed on deferred adjudication probation for four years and assessed a $1000 fine, also probated. On February 9, 2017, the trial court followed the terms of the plea bargain agreement, deferred finding appellant guilty, and placed him on deferred adjudication probation for four years with a $1000 probated fine. Over the

following twenty months, the State filed several motions to proceed with adjudication of guilt, including one filed in October of 2019, which resulted in a capias issuing for appellant's arrest. At that time, it was determined that appellant had been arrested in Harris County, apparently on unrelated events.

On May 8, 2020, the trial court held a hearing on the State's motion to proceed with adjudication. At the conclusion of the hearing, the trial court found appellant violated two conditions of community supervision, found him guilty of stalking, and assessed punishment at six years in prison. Appellant filed a notice of appeal of his conviction. That appeal, cause number 05-20-00587-CR, remains pending in this Court.

On June 30, 2020, appellant filed a motion for an appeal bond. Following a July 30, 2020 hearing, the trial court denied appellant's application for bond, stating there was good cause to believe appellant would not appear when the conviction became final, particularly in light of (1) appellant's failure "to report for several months" while on community supervision and (2) a previous warrant that had been out for his arrest for nearly two months. This appeal ensued.

In his brief, appellant claims the trial court abused its discretion by denying his request for bond pending appeal because the evidence showed he is not a flight risk and the trial court made no comment in court about whether he was likely to commit another offense. In response, the State argues the issue is moot because appellant requested a transfer to the Texas Department of Criminal Justice where he

is currently incarcerated. Alternatively, the State argues the trial court did not abuse its discretion by denying appellant's application for bond.

Article 44.04 provides that a defendant may not be released on bail pending appeal if he was convicted of a felony listed under article 42A.054(a) of the code of criminal procedure or where the punishment assessed "equals or exceeds 10 years confinement." TEX. CODE CRIM. PROC. ANN. art. 44.04(b). Furthermore, the trial court may deny bail and commit the defendant to custody if "there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail." *Id*. art. 44.04(c).

Under article 42.09, a defendant who has been convicted of a felony, is eligible for release on bail pending appeal under article 44.04, and gives notice of appeal "shall be transferred to the Texas Department of Criminal Justice" upon the defendant's "request in open court or upon written request to the sentencing court." *Id*. art. 42.09, §4; *Ex parte Norvell*, 528 S.W.2d 129, 131 (Tex. Crim. App. 1975) ("request" is interpreted to mean "request of the defendant").[1] "Upon a valid transfer to the department under this section, the defendant may not thereafter be released on bail pending his appeal." TEX. CODE CRIM. PROC. ANN. art. 42.09, §4.

---

[1] At the time the Texas Court of Criminal Appeals decided *Ex parte Norvell*, this language was found in article 42.09, subsection 5. In 1981, the Legislature amended article 42.09 and the text was moved to subsection 4 without significant or relevant changes. *See* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 117, 1981 Tex. Gen. Laws 761, 810-11 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.09, §4).

Here, appellant was eligible and filed a motion for an appeal bond under article 44.04. However, after his motion for bond was denied, he filed a document entitled "Waiver" in which he waived his "right to remain in the Dallas County Jail pending appeal" and requested he "immediately be transferred to the Texas· Department of Criminal Justice." The TDCJ website shows he is currently incarcerated at the Gist Unit in Beaumont. Because he requested to be transferred, and in fact has been transferred to the TDCJ, he may not be released on bail pending appeal. See TEX. CODE CRIM. PROC. ANN. art. 42.09, §4. Under these circumstances, we conclude his appeal is moot and must be dismissed. *Freeman v. State*, 828 S.W.2d 179, 181–82 (Tex. App.–Houston [14th Dist.] 1992, pet. ref'd) (cause becomes moot when appellate court's judgment cannot have any practical legal effect upon controversy); *see Ex parte Hardy*, 230 S.W.2d 527, 528 (Tex. Crim. App. 1950).

We dismiss this appeal.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200816F.U05

—4—



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE BABAK
TAHERZADEH

No. 05-20-00816-CR

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F16-12037-J.
Opinion delivered by Justice
Osborne. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered March 22, 2021