**Opinion issued July 19, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————

## NO. 01-12-00377-CR

————————

**WILLIAM KINCAID, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1236182**

---

## MEMORANDUM OPINION

After a grand jury returned a true bill of indictment against him for the felony offense of aggravated assault,[1] appellant, William Kincaid, Jr., pleaded guilty to the misdemeanor offense of deadly conduct.[2] On February 28, 2012, the trial court

---

[1]    *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

[2]    *See* TEX. PENAL CODE ANN. § 22.05(a) (West 2011).

found appellant guilty and, in accordance with the terms of his plea agreement with the State, sentenced him to confinement for one year in the county jail. On April 10, 2012, appellant filed a pro se notice of appeal. In his notice, appellant states that he "did not wave [sic] his rights to appeal pretrial documents" and requests to "be heard on all pretrial documents."

Appellant did not file a motion for new trial or a motion for extension of time to file his notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2), 26.3(b); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (requiring both notice of appeal and motion for extension to be filed within 15 days of original due date for notice of appeal). Therefore, appellant's notice of appeal was due on or before March 29, 2012. *See* TEX. R. APP. P. 26.2(a)(1).

A notice of appeal that complies with the requirements of Rule 26 is essential to vest this court with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has expressly held that without a timely filed notice of appeal we cannot exercise jurisdiction over an appeal. *See Olivo*, 918 S.W.2d at 522; *see also Slaton*, 981 S.W.2d at 210. Because appellant's April 10, 2012 notice of appeal was untimely, [3] we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

---

[3]    The record contains no envelope or postmark date for appellant's notice of appeal, which contains no certificate of service and is not dated. *See* TEX. R. APP. P.

Further, in a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only those matters that were raised by written motion and ruled on before trial, or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification is included in the record on appeal. The trial court's certification states that this is a plea-bargained case and that the appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record reflects that appellant pleaded guilty and that the trial court assessed the punishment recommended by the State and to which appellant had agreed. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003) (holding that charge-bargain constitutes punishment recommended by prosecutor and agreed to by defendant).

---

9.2(b), 26.2(a), 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Further, appellant has provided no evidence to show that he delivered his notice of appeal to jail officials by March 29, 2012, which was 12 days prior to the date the notice of appeal was file-stamped. *See Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) ("We hold that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk.").

Although the record contains matters raised by written motion filed before trial, the trial court did not rule on those motions,[4] and appellant does not have the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Therefore, the record supports the trial court's certification, appellant has no right of appeal, and we must dismiss this appeal "without further action." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears*, 154 S.W.3d at 615.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] The record does contain orders related to pretrial bail and an "Order Granting Consolidation." But any appeal from the pretrial bail orders would be moot and the court's order on the State's motion to consolidate is nil, because the motion effectively consolidated the cases upon its filing without the need for a court order. *See* TEX. PENAL CODE ANN. § 3.02(b) (West 2011) (granting State right to join multiple offenses arising from single criminal action by filing notice of joinder, subject to defendant's right to severance); *Freeman v. State*, 828 S.W.2d 179, 181–82 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) ("It is . . . axiomatic that the issue of bail being set on a *complaint* is a moot issue after an appellant is convicted.").